LEAVY, Circuit Judge:
OVERVIEW
The appellant, Vance J. Skillsky (Skill-sky), brought this action for wrongful termination and other related claims against two of his former employers, Lucky Stores, Inc. (Lucky Stores) and Colombo Baking Company, Inc. (Colombo), his union, Bakery Wagon Drivers and Salesman Local Union No. 432 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (Local 432), and Does I-XXX. Skillsky also sought to set aside an arbitration decision, affirmed by the Superior Court of California, that there was sufficient cause for his termination.
The district court granted summary judgment in favor of Lucky Stores and Colombo. It granted Local 432’s motion in limine, so that certain evidence could not be introduced against the union. The court also held that it lacked jurisdiction as to one of the claims against the union under Federal Rule of Civil Procedure 12(h)(3). The court ultimately dismissed all claims against the union and entered judgment in favor of all defendants. Skillsky appeals.
We affirm in part, reverse in part, and remand.
*1090 FACTS
For ten years Skillsky was employed as a bakery truck driver for Lucky Stores. He was discharged in 1982 after a confrontation with one of Lucky Stores’ managers. Skillsky was terminated for using profane and abusive language and for threatening the manager’s life.
Local 432 filed a grievance on the termination and pursued it to arbitration, requesting a reduced disciplinary action. The arbitrator found there was sufficient cause for Skillsky’s discharge based on his conduct during the confrontation, and denied his grievance. The Superior Court of California affirmed the arbitrator’s award.
Following his discharge from Lucky Stores, Local 432 referred Skillsky to Colombo for work. Colombo hired Skillsky as a probationary relief bakery truck driver. He worked intermittently for twenty-six days from June 14, 1982 until August 21, 1982. On August 21, 1982, he was informed he was no longer needed. Skillsky acquired no seniority status with Colombo because the collective bargaining agreement provided for seniority status only by working thirty consecutive days.
Colombo’s transport supervisor, Al Pas-torino, says he did not hire Skillsky as a permanent driver after he learned from a Colombo executive, Robert Herrick, that Skillsky was an unstable person with a reputation as a “kook” who would not be good for Colombo’s organization. However, Skillsky contends he was not hired because Lucky Stores management officials informed Colombo that Skillsky was a troublemaker, because seven years earlier he had filed a complaint with the California Occupational Safety and Health Association (Cal-OSHA) regarding the noise level of Lucky Stores’ trucks. As a result, Lucky Stores had to replace ten of its trucks.
Local 432 refused to process a grievance for Skillsky against Colombo. Local 432 would not file a grievance because it decided Skillsky was not entitled to a permanent position since he was only a probationary employee under section 7 of the collective bargaining agreement.
Skillsky filed a complaint in the Superior Court of California, alleging wrongful termination against Lucky Stores and Colombo and breach of the duty of fair representation by Local 432. Lucky Stores removed the action to federal court. Skillsky then filed an amended complaint.
DISCUSSION
The Claims Against Lucky Stores
Skillsky alleged seven claims against Lucky Stores: (1) it used corruption and fraud to obtain the arbitrator’s award and therefore, the award should be set aside; (2) wrongful discharge in violation of public policy and in violation of the collective bargaining agreement; (3) interference with an employment relationship; (4) slander; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; and (7) conspiracy.
Lucky moved for summary judgment. The district court granted the motion. The court found the claim of corruption against the arbitrator was res judicata because the Superior Court judgment had affirmed the arbitration award. Similarly, the court found the wrongful discharge claim barred by collateral estoppel. The court dismissed the interference, slander, and emotional distress claims, finding there was no admissible evidence to raise a genuine issue of material fact. For the same reason, the claim of conspiracy was dismissed. In addition, the court found there was no separate cause of action for conspiracy unless a wrong was committed.
Skillsky alleges his termination by Lucky Stores was wrongful in that:
[Defendant was without just cause and in violation of the agreement between LUCKY and LOCAL 432.
That said termination was further wrongful in that said termination was motivated by the exercise by plaintiff of protected activities to wit: the filing of safety complaints with appropriate governmental agencies, and as such is viola-tive of public policy.
*1091 The district court ruled that this claim was barred by collateral estoppel because the arbitrator found sufficient cause for termination and the Superior Court had affirmed that decision.
On appeal, Skillsky contends Lucky Stores’ motivation for the termination— Skillsky’s filing of the Cal-OSHA complaint seven years earlier — “had not yet come to light at the time of the arbitration or its affirmation proceeding. In this situ-tation [sic] there could not possibly have been any identity of issues and thus no collateral estoppel.” Lucky Stores, on the other hand, contends that not only collateral estoppel but also res judicata apply to preclude the cause of action for wrongful discharge.
We need not decide whether res judicata or collateral estoppel apply. There is not a scintilla of evidence in the record of any motive for Lucky Stores to discharge Skillsky other than for his conduct towards the store manager, as documented in Lucky Stores’ dismissal letter of May 19, 1982. Even if Lucky Stores did inform Colombo that Skillsky filed a Cal-OSHA complaint against Lucky Stores seven years earlier, prompting Colombo’s discharge of Skillsky, it does not follow that Lucky Stores discharged Skillsky for this reason. The grant of summary judgment on this issue was proper.
In connection with the claims against Lucky Stores arising out of Colombo’s termination of Skillsky, the district court ruled that certain affidavits and deposition testimony filed in opposition to the motions for summary judgment were hearsay and therefore inadmissible against Lucky Stores. This defeated Skillsky’s claims against Lucky Stores for slander, negligent and intentional infliction of emotional distress, interference with an employment relationship, and conspiracy.
Hearsay “is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Fed.R.Evid. 801(c). Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803. Henein v. Saudi Arabian Parsons Ltd., 818 F.2d 1508, 1512 (9th Cir.1987), cert. denied, 484 U.S. 1009, 108 S.Ct. 707, 98 L.Ed.2d 657 (1988).
Skillsky contends the district court erred because the deposition testimony of Gou-las, a Colombo employee, was admissible against Lucky Stores. Skillsky contends that statements of Herrick and Pastorino, two other Colombo employees, related by Goulas, should have been admitted. Even though these statements constitute multiple hearsay, Skillsky claims they are admissible against Lucky because each statement fits within an exception to the hearsay rule.
Hearsay included within hearsay, or “multiple hearsay,” is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rules. Fed.R.Evid. 805. Federal Rule of Civil Procedure 56(e) also provides that "[supporting and opposing affidavits shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence.... ” Like affidavits, deposition testimony that is not based on personal knowledge and is hearsay is inadmissible and cannot raise a genuine issue of material fact sufficient to withstand summary judgment. Jacobsen v. Filler, 790 F.2d 1362, 1367 (9th Cir.1986).
Goulas’ deposition testimony relates to the day his supervisor at Colombo, A1 Pas-torino, told Goulas that he would have a different bakery truck run. Goulas testified:
A. I then inquired why.
Q. And his response was?
A. His response was is he was going to have to let Jack go. Therefore I wouldn’t be able to go on my run. He was going to have this other guy do my run.
Q. Did you ask him [Pastorino] why he was going to get rid of Jack [Skillsky]?
A. Yes.
Q. And did he respond to you?
A. Yes.
*1092 Q. What did he say?
A. He [Pastorino] said that the big wheels had called up from Lucky’s and had told his supervisors [including Herrick] to tell him [Pastorino] to let him [Skillsky] go, because he had caused problems over there with OSHA.[1]
Skillsky contends: (1) Herrick’s alleged statement to Pastorino and Pastorino’s statement to Goulas were the admissions of a party-opponent, admissible under Rule 801; (2) Pastorino’s alleged statement to Goulas goes to his existing state of mind and is therefore admissible under Rule 803(3); and (3) Goulas’ testimony is admissible under Rule 803(24), the catch-all exception.
Goulas’ testimony as to what “the big wheels” from Lucky Stores said to Herrick, or what Herrick said to Pastorino, is inadmissible against Lucky Stores. It is not based on Goulas’ personal knowledge, as Rule 56(e) requires, but on what Goulas says Pastorino told him. Goulas does not claim he personally heard any statements made by anyone at Lucky Stores to Herrick, or made by Herrick to Pastorino. See Jacobsen, 790 F.2d at 1367 (deposition testimony about what another told the deponent is not based on personal knowledge and is inadmissible hearsay). Further, Pastori-no’s alleged statement to Goulas describes only the statements of others, of which Goulas has no personal knowledge. There is no evidence that Pastorino or Goulas had any authority to make admissions on behalf of Lucky Stores or that the statements were against the interest of either Pastori-no or Goulas. If offered to prove the state of mind of Pastorino, the statement is irrelevant in that there is no connection with Lucky Stores.
Whether hearsay evidence is to be received under Rule 803(24) is within the discretion of the district court. We find no abuse of discretion.
We agree with the district court that there is no material issue of fact supporting claims against Lucky Stores in connection with either the termination by Lucky Stores or the termination by Colombo. Moreover, there is no admissible evidence that Lucky Stores conspired to obtain Skillsky’s termination from Colombo. In California, “there ... is no separate tort of civil conspiracy and there is no civil action for conspiracy to commit a recognized tort, unless the wrongful act itself is committed and damage results therefrom.” Youst v. Longo, 161 Cal.App.3d 196, 207 Cal.Rptr. 447, 453 (1984).
The Claims Against Colombo
Skillsky alleged two claims against Colombo: (1) wrongful termination in violation of the collective bargaining agreement and in violation of public policy, and (2) conspiracy.
Skillsky alleges Colombo terminated him because he filed a Cal-OSHA complaint against Lucky Stores. The district court granted Colombo’s motion for summary judgment because “[t]his court is not prepared to extend the public policy with an unseasoned Garibaldi to a claim against another employer rather than the present employer.”
In Garibaldi v. Lucky Food Stores, Inc., 726 F.2d 1367 (9th Cir.1984), cert. denied, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985), a case arising in California, the plaintiff was discharged for reporting the shipment of adulterated milk. Id. at 1374. We held in Garibaldi that section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, does not preempt a wrongful termination claim based on a state public policy against such retaliation. Id. at 1374-75, 1376. Skillsky now asks us to extend to subsequent employers the prohibition against the retaliatory discharge of an employee acting in the public interest.
To decide whether California’s prohibition against retaliatory discharge if an employee has acted in the public interest should extend to subsequent employment, this court follows a state supreme court’s *1093 interpretation of its own statute in the absence of extraordinary circumstances. Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir.1986), modified on other grounds, 810 F.2d 1517 (1987). The California Supreme Court has not determined this issue. If so,
Where the state’s highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it. In answering that question, this court looks for “guidance” to decisions by intermediate appellate courts of the state and by courts in other jurisdictions.
Id. (citations omitted). However, there are no appellate state court decisions or decisions from other jurisdictions deciding the issue. We may not certify this issue to the California Supreme Court because California law does not provide a certification process. Los Angeles Memorial Coliseum Comm’n v. National Football League 791 F.2d 1356, 1362 (9th Cir.1986), cert. denied, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987).
We may consider “all available data” to predict how the California Supreme Court might decide the issue. See Estrella v. Brandt, 682 F.2d 814, 817 (9th Cir.1982) (diversity case). In doing so, we conclude the California Supreme Court would allow a cause of action for retaliatory discharge against subsequent employers.
The California Supreme Court has held that
an employer’s obligation to refrain from discharging an employee who refuses to commit a criminal act does not depend upon any express or implied “promises set forth in the [employment] contract,” but rather reflects a duty imposed by law upon all employers in order to implement the fundamental public policies embodied in the state’s penal statutes.
Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 176, 164 Cal.Rptr. 839, 844, 610 P.2d 1330, 1335 (1980) (citations omitted). This language creates a tort that limits the general right of an employer to dismiss employees for any reason. The tort of discharge in contravention of public policy is grounded on the need to protect important public policies, not on a particular relationship between the employee and employer.
Recently, the California Supreme Court reaffirmed the importance of this tort. The Court observed that “California cases have focused on the general social policies being advanced by recognition of the public-policy-based cause of action.” Foley v. Interactive Data Corp., 47 Cal.3d 654, 254 Cal.Rptr. 211, 216, 765 P.2d 373, 378 (1988). The court stated: “[W]e must ... inquire whether the discharge is against public policy and affects a duty which inures to the benefit of the public at large rather than to a particular employer or employee.” Id. at 217, 765 P.2d at 379; see Garibaldi, 726 F.2d at 1375 (recognizing the importance of this tort in “further[ing] the state’s interest in protecting the general public — an interest which transcends the employment relationship”).
The California Supreme Court has discussed at length California’s policy of prohibiting retaliatory discharges for filing health and safety complaints, which existed long before the Cal-OSHA statute was passed. See Hentzel v. Singer Co., 138 Cal.App.3d 290, 296-98, 188 Cal.Rptr. 159, 162-64 (1982). Skillsky’s Cal-OSHA complaint regarding the noise level of Lucky Stores’ trucks, which resulted in replacement of ten trucks, fits into this category. The public policy at stake here also involves “protecting the right of employees to voice their dissatisfaction with working conditions.” Id. at 296, 188 Cal.Rptr. at 162.
Therefore, the public policy prohibiting retaliatory discharge for reporting safety and health considerations in California is a strong one. The California Supreme Court has concluded that, even after the passage of Cal-OSHA, there remains a private right of action for employees discharged for reporting health and safety conditions because the common law right to be free of such .discharge is not extinguished by passage of statutory remedies. Id. at 299-300, 188 Cal.Rptr. at 165-66; see Paige v. Henry J. Kaiser Co., 826 F.2d 857, 863 (9th *1094 Cir.1987) (“A private right of action for wrongful discharge due to safety complaints co-exists with the Cal/OSHA remedial scheme.”)) cert. denied, 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 921 (1988). Given this strong public policy, the tort should extend to subsequent employers.
Further, section 6310(a) of the California Occupational Safety and Health Act of 1973 does not limit legal actions to only those employers against whom complaints are filed:
No person shall discharge or in any manner discriminate against any employee because such employee has either (1) made any oral or written complaint, ... or (2) instituted or caused to be instituted any proceeding under or relating to his rights ... in any such proceeding.... (b) Any employee who is discharged, threatened with discharge, demoted suspended, or in any other manner discriminated against ... by his employer because such employee has made a bona fide oral or written complaint to the division [or others] ... shall be entitled to reinstatement and reimbursement for lost wages and work benefits by such acts of the employer.
(Emphasis added.)
There is a significant threat to employees, to the public, and to the Cal-OSHA statute if subsequent employers, hearing of an employee’s safety and health complaints against previous employers, decide to discharge that employee. Employers could circumvent an employee’s right to file these complaints by threatening retaliation in future employment. Employees would hesitate to file health and safety complaints if they knew they would face the risk of not finding future employment. Contrary to Colombo’s assertion that this “factual scenario ... is so idiosyncratic as to suggest that it is unlikely ever to be repeated,” it is very likely that such situations commonly arise in the workplace. The risk is particularly pronounced in smaller industries where employers tend to know one another. Employees would be especially at risk if prospective employers contacted previous employers for a recommendation.
We find that California would allow Skill-sky’s action for retaliatory discharge against a subsequent employer.
Colombo did not object to Goulas’ testimony regarding Colombo’s motive for firing Skillsky. Colombo instead advised the district court that it did not intend to stand on an evidentiary objection. See Colombo’s Opening Brief at 3 & n. 3.[2] Nevertheless, the district court ruled that the testimony was inadmissible against Colombo as well as against Lucky Stores, relying on the arguments advanced by Lucky Stores.
The district court’s ruling was in error. For purposes of summary judgment, the court had to consider the testimony, even if it was hearsay, because Colombo failed to object. See Fireguard Sprinkler Sys., Inc. v. Scottsdale Ins. Co., 864 F.2d 648, 651-52 & n. 2 (9th Cir.1988) (failure to object to allegedly defective evidence waives the objection for purposes of summary judgment). The testimony brings into question Colombo’s actual motive for terminating Skillsky.
Skillsky’s attorney was never put to the task of explaining why Goulas’ testimony was admissible against Colombo. The considerations as to whether Goulas’ testimony is admissible against Colombo are altogether different than the considerations as to whether this testimony is admissible against Lucky Stores. The issue as to Colombo is whether, as a subsequent employer, there is evidence to show Skillsky’s termination was in violation of public policy because Colombo learned that Skillsky filed safety complaints with governmental agencies.
We reverse the grant of summary judgment in favor of Colombo. We anticipate that the issue of the admissibility of Gou-las’ testimony will be fully developed at *1095 trial. We express no opinion as to whether it will be admissible at that stage of the case.
Because Colombo did not object to Gou-las’ testimony at the hearing on the summary judgment motions, it is also admissible against Colombo to show there was a conspiracy, which creates a genuine issue of material fact. We reverse the grant of summary judgment in favor of Colombo on this issue. Again, we express no opinion as to the admissibility of Goulas’ testimony for purposes of trial.
The Claims Against Local 432
Skillsky alleged three claims against Local 432: (1) breach of the duty of fair representation in connection with the Lucky Stores termination; (2) breach of the duty of fair representation in connection with the Colombo termination; and (3) conspiracy.
Local 432 did not file a motion for summary judgment. Instead, eleven days before trial, Local 432 filed a motion in li-mine to prohibit the introduction of evidence on all but one of the claims against it. Local 432 also filed a separate Rule 12(h)(3) motion for lack of subject matter jurisdiction on the breach of duty of fair representation claim in connection with the termination by Colombo. The district court granted the motion in limine and dismissed the breach of duty of fair representation claim for lack of subject matter jurisdiction.
Skillsky alleges Local 432 breached the duty of fair representation in his action against Lucky Stores. To establish a claim for a breach of the duty of fair representation, Skillsky must show: (1) the discharge was in violation of the collective bargaining agreement, and (2) the union breached its duty by more than a mere error of judgment. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059-60, 47 L.Ed.2d 231 (1976).
Federal courts must give preclusive effect to administrative determinations reviewed by a state court. 28 U.S.C. § 1738; see Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 375, 105 S.Ct. 1327, 1329, 84 L.Ed.2d 274 (1985); Eilrich v. Remas, 839 F.2d 630, 632 (9th Cir.), cert. denied, - U.S. -, 109 S.Ct. 60, 102 L.Ed.2d 38 (1988). Title 28 U.S.C. § 1738 requires federal courts to apply the preclusory rules of a particular state to judgments issued by courts of that state. Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988). Accordingly, the California laws apply.[3] The district court’s construction of the California preclusion law is reviewed de novo. Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 (9th Cir.1986).
Skillsky’s claim that Lucky Stores violated the collective bargaining agreement has already been decided against Skillsky and in favor of Lucky Stores. The arbitrator found sufficient cause for the discharge. Therefore, the collective bargaining agreement was not violated. The Superior Court affirmed the arbitrator’s conclusion. Skillsky cannot ask us to decide anew whether the discharge was in violation of the collective bargaining agreement. This claim against Local 432 is precluded.
Skillsky claims he may maintain an action against Local 432 for its breach of *1096 the duty of fair representation by refusing to process a grievance against Colombo. The amended complaint alleges that the discharge was in violation of the collective bargaining agreement. The union claims it did not process the grievance because Skill-sky, a probationary employee, had no right to the position under section 7 of the collective bargaining agreement.
Section 7 of the collective bargaining agreement provides, in relevant part, that:
Seniority shall not apply to any Employee until he shall have been employed by a particular Employer for a period of ... [t]hirty (30) consecutive days for Transport Employees.
Skillsky has presented no evidence to show that this discharge was in violation of the collective bargaining agreement. Skill-sky was a probationary employee who, as a matter of law, had no right to a position. Skillsky cannot show a breach of the duty of fair representation. The district court’s ruling is affirmed.
Skillsky contends Local 432’s motion in limine was untimely because it was filed only eleven days before trial. This matter is within the sound discretion of the district court. See Fed.R.Civ.P. 16(a)(1) (the court may, in its discretion, expedite the disposition of the action). We see no abuse of discretion.
Finally, there is no evidence of any act on the union’s part to obtain Skillsky’s discharge from Colombo. Because there was no wrongful act, there is no action for conspiracy. Youst, 161 Cal.App.3d 195, 207 Cal.Rptr. at 453.
AFFIRMED on all claims for Lucky Stores and Local 432. AFFIRMED in part and REVERSED in part as to Colombo, and REMANDED. Costs shall be awarded to Lucky Stores and to Local 432. Skillsky and Colombo shall bear their own costs on appeal.

. Skillsky's affidavit in opposition to the motion for summary judgment explains more fully the context of Goulas’ testimony. Skillsky's effort to describe the conversation between Goulas and Pastorino is simply more hearsay in addition to what is already multiple hearsay.

. Colombo informed the district court that its arguments were "different” from those of Lucky Stores, and that "we have not advanced these evidentiary arguments." Transcript of Hearings, Excerpt of Record, at 136. At no point did Colombo, when invited by the court to present its arguments, object to the introduction of Gou-las' testimony.

. Under California law, res judicata includes two types of preclusion: claim preclusion and issue preclusion. Robi, 838 F.2d at 321. Claim preclusion " ‘treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same “claim” or "cause of action." ’ ” Id. (quoting Kaspar Wire Works, Inc. v. Leco Eng’g & Mach., Inc., 575 F.2d 530, 535 (5th Cir.1978)). Claim preclusion prevents relitigation of all grounds supporting, or in defense of, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Id. at 322. Issue preclusion or collateral estoppel, on the other hand, “bars relitigation of issues actually adjudicated and essential to the judgment in earlier litigation between the same parties." Garrett v. City and County of San Francisco, 818 F.2d 1515, 1520 (9th Cir.1987). "‘[That] determination [of the issues] is conclusive in a subsequent action between the parties, whether on the same or a different claim.' ” Eilrich, 839 F.2d at 632 (quoting Restatement (Second) of Judgments § 27 (1982)).