946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest G. MYERS, Plaintiff-Appellant,
v.
SYLVANIA LIGHTING SERVICES, Defendant-Appellee.
 No. 90-56054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Oct. 11, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest G. Myers was terminated on September 15, 1988, as the branch manager of two California divisions of Sylvania Lighting Services Corporation (Sylvania). He filed a complaint against Sylvania for wrongful termination, alleging breaches of his employment contract and the implied covenant of good faith and fair dealing. The district court granted summary judgment in favor of Sylvania, and Myers appeals.
 
 
 3
 We review a grant of summary judgment de novo. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We may affirm the dismissal "on any basis supported by the record even if the district court did not rely on that basis." Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986).
 
 
 4
 We affirm for three reasons. First, the record contains ample evidence, including Myers' own admissions, that there was cause to terminate him. Second, Myers' assertion that his supervisor, John Chilcott, "set him up," and Myers' descriptions of instances of the alleged "set-up," are unsupported by any evidence in the record.[1] See Skillsky v. Lucky Stores, Inc., 893 F.2d 1088, 1091 (9th Cir.1990) (summary judgment is proper where there is no evidence in the record of any motive for a discharge other than that asserted by the employer). Therefore, there are no genuine issues of material fact that Myers was terminated for cause. Third, under California law, there is no breach of the implied covenant of good faith and fair dealing if the employment contract is not breached. See Suarez v. Life Ins. Co., 206 Cal.App.3d 1396, 1407, 254 Cal.Rptr. 377, 384 (1988) (where refusal to pay insurance benefits was in accord with the contract provisions, there was no breach of the covenant of good faith and fair dealing); Kruse v. Bank of America, 202 Cal.App.3d 38, 57, 248 Cal.Rptr. 217, 230 (1988) (no bad faith denial of contract where there was no underlying agreement), cert. denied, 488 U.S. 1043 (1989).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral arguemnt. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The evidence that Myers claims presents a genuine issue of material fact are statements made in his memo of August 24, 1988, to Chilcott and in his letter to Anthony Amaro of Sylvania dated August 29, 1988, the standard separation agreement and general release he was offered by Sylvania, and statements made in his deposition. This evidence is conclusory as to Chilcott's intent; it is not supported by any factual basis. Such conclusory allegations are insufficient to defeat a motion for summary judgment. First National Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, (1968); Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1061 (9th Cir.1989)