42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy FRANYUTTI, Plaintiff-Appellant,
v.
The PRICE COMPANY, INC., dba Price Club; Richard De Kalb;
and Does 1-50, Defendants-Appellees.
 No. 94-55829.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nancy Franyutti, a Peruvian-American, appeals pro se the district court's grant of summary judgment for The Price Company (the "Company"), her former employer, and Richard De Kalb, her former supervisor, on her claims of national origin discrimination brought under 42 U.S.C. Sec. 1981 and the California Fair Employment and Housing Act. Franyutti contends that the district court erred by finding that (1) she failed to establish a prima facie case of discrimination, and (2) even assuming Franyutti established a prima facie case, she failed to show that defendants' reasons for terminating her were a pretext for discrimination. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review the district court's summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin, 974 F.2d at 1059. The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 4
 Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 A. Prima Facie Case
 
 5
 "[C]laims under section 1981 require proof of intentional discrimination." Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1412 (9th Cir.1987). The analytical framework established in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981) and McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to disparate treatment claims brought under section 1981, Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989), and the California Fair Employment and Housing Act, Clark v. Claremont University Ctr. & Graduate School, 8 Cal.Rptr.2d 151, 164 (Cal.Ct.App.1992).
 
 
 6
 To establish a prima facie case of discrimination, the plaintiff must show that (1) she belongs to a protected class, (2) her job performance was satisfactory, (3) she was terminated, and (4) her position was filled by an individual of comparable qualifications not in the protected class. McDonnell Douglas, 411 U.S. at 802.
 
 
 7
 We agree with the district court's conclusion that Franyutti failed to establish a prima facie case because her job performance was not satisfactory. Franyutti admitted violating cash register procedures and the Company rule, Major Offense Number 16, by retaining a "drop" envelope containing unredeemed vouchers during her break, instead of leaving the envelope at the register or depositing the envelope in the pneumatic tube by the register.
 
 
 8
 In his deposition testimony, De Kalb stated that Franyutti violated Major Offense No. 1, "Acts of Dishonesty towards the Company ...", by passing vouchers to a non-employee. Ms. Zamora, a cashier assistant who was working with Franyutti, reported that she saw Franyutti hand over vouchers to a non-employee. In addition, an audit of Franyutti's cash register confirmed that vouchers were missing. Even discounting the charge that Franyutti violated Major Offense No. 1, her admission of violating Major Offense No. 16, the penalty for which was immediate termination, was sufficient evidence of unsatisfactory job performance.
 
 
 9
 B. Legitimate, Non-discriminatory Reason for Termination
 
 
 10
 An employer may rebut an employee's claim by producing evidence of a legitimate, nondiscriminatory reason for the employee's termination. Burdine, 450 U.S. at 252-53. Once an employer has rebutted the claim, a plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253. Plaintiff may meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proferred explanation is unworthy of credence." Burdine, 450 U.S. at 256.
 
 
 11
 Here, the Company explained that it terminated Franyutti for violating two company rules, Major Offense Nos. 1 and 16. Franyutti's termination was in accordance with the Company's Rules and Regulations which provided for immediate termination for theft and refusal to follow company procedures. Accordingly, we agree with the district court's ruling that defendants gave legitimate and non-discriminatory reasons for terminating Franyutti and that Franyutti failed to demonstrate they were a pretext for discrimination.
 
 
 12
 Franyutti makes a number of unavailing arguments challenging the district court's ruling. First, Franyutti contends that the Company's policies placed her in an untenable position because if she had complied with the Company's procedure requiring a cashier to "drop," or deposit in a pneumatic tube, cash and other forms of payment in an envelope prior to going on break, she would have been in violation of another workplace rule requiring that vouchers be voided by the cashier before being dropped. Franyutti, however, was not placed in a position requiring her to break a Company policy. Franyutti could have either complied with the Company's policies by voiding vouchers before leaving on her break or asked her supervisor for permission to take the envelope with her so she could void the vouchers during her break.
 
 
 13
 Second, Franyutti contends that despite Company policies to the contrary, keeping vouchers during break was not a terminable offense because she was aware of individuals who took cash register materials to the bathroom at the Burbank warehouse she worked at prior to working at the Santa Clarita location.[1] However, Franyutti failed to allege specific facts, let alone produce evidence, in support of her contention, see Leer, 844 F.2d at 631, such as the names of any Company employees who violated cash register procedures with management's knowledge and were not terminated for this behavior. Franyutti stated that she herself tried to follow the cash register procedures at the Company's Santa Clarita warehouse.
 
 
 14
 Third, Franyutti denies that she passed vouchers to a non-employee and contends that she was victim of a scheme devised by De Kalb, her supervisor, to use Ms. Zamora as a spy so that he could fire her because she was the only cashier who spoke broken English. In her deposition testimony submitted in support of the Company's motion for summary judgment, Ms. Zamora stated that no one directed her or asked her to observe or spy on Franyutti for any purpose. In contrast, Franyutti failed to offer any evidence in support of her accusation that Ms. Zamora was acting as De Kalb's spy.
 
 
 15
 Moreover, Franyutti's denial that she wrongfully passed on vouchers does not create a genuine issue of material fact. Assuming Franyutti established a prima facie case, the Company management's belief in the truth of the charges against Franyutti was a "legally sufficient" explanation which overcame any inference of discrimination created by the prima facie case. Jones v. Los Angeles Community College Dist., 702 F.2d 203, 205 (9th Cir.1983).
 
 
 16
 Because Franyutti failed to present evidence showing that the Company's reasons for terminating her were a mere pretext for discrimination, see Burdine, 450 U.S. at 253, the district court properly granted summary judgment in favor of defendants.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Related to this contention is Franyutti's argument that the Company treated some employees who "misplaced" money differently than she was treated, and that the difference in treatment suggests that the Company did not act in good faith in terminating her. First, Franyutti was not terminated for "misplacing" money but for violating cash register procedures and an "act of dishonesty"--passing on vouchers redeemable for merchandise to a non-employee. Second, the only statement regarding the treatment of another Company employee, Ray Mitchell, was hearsay, and, as such, was inadmissible and could not raise a genuine issue of material fact sufficient to defeat summary judgment. See Skillsky v. Lucky Stores, Inc., 893 F.2d 1088, 1091 (9th Cir.1990)