F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAY 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MELVIN GREEN,

    Plaintiff-Appellant,

v.

HARSCO CORPORATION,
a Delaware Corporation,

    Defendant-Appellee,

    and

FABSCO, INC., an Oklahoma
Corporation,

    Defendant.

No. 99-5139
(D.C. No. 98-CV-352-H)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Melvin Green appeals the district court's May 4, 1999 order granting defendant-appellee Harsco Corporation's motion for summary judgment, and its June 14, 1999 order denying plaintiff's motion to vacate and remand the matter to state court.  The district court acquired diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and (c).  We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## Background

In 1991, Green sustained a work-related injury to his back which required two surgeries.  As a result, Green was absent from work at Harsco for over one year.[1]  On May 22, 1995, Green sustained a second on-the-job injury to his back, but continued to perform his work duties at Harsco.  Harsco claimed that the first it knew of this second injury was when it was notified that Green had filed a workers' compensation claim.  At that point, Harsco requested that Green leave work until he received a release from his doctor.  Harsco asserted that Green received a release to work from Dr. Jerry McKenzie on June 16, 1995, but never

---

[1] At the time of Green's injury he was employed by defendant Fabsco Corporation.  In February 1995, Fabsco became a division of Harsco.  To minimize confusion, we will refer to Green's employer as Harsco throughout this discussion.

returned to work. In fact, Harsco asserted that it did not learn of the release until it was filed with the state workers' compensation court in October 1996.

Harsco asserts that it authorized treatment for Green with Dr. Hendricks, his previous surgeon, but that Green never saw Dr. Hendricks. Harsco then had Green examined by Dr. Paul. Even though Dr. Paul medically released Green to return to work, Green continued to be absent. Finally on April 3, 1997, almost two years after Green had been told to leave work until he received a doctor's release, Harsco terminated him because it no longer had a position for him.

In June 1997, Green filed suit in Oklahoma state court alleging wrongful termination in violation of the Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, § 5, and a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. Because Green's FMLA claim invoked federal question jurisdiction, Harsco removed the case to federal court. Green withdrew his FMLA claim, and the district court remanded the matter back to state court. In May 1998, Harsco again removed the matter to federal court based on diversity jurisdiction. Although Green initially moved for remand based on his allegation that Harsco's principal place of business defeated diversity jurisdiction, he withdrew his motion after receiving Harsco's response. Following a hearing and the district court's entry of summary judgment in favor of Harsco, Green moved

under Fed. R. Civ. P. 60(b)(6) [2] to vacate the summary judgment order and to remand the case to state court, alleging that the district court did not have subject matter jurisdiction because the amount in controversy did not exceed $75,000. The district court denied the motion, and Green filed a timely notice of appeal.

On appeal, Green states his issues as: (1) the federal district court lacked jurisdiction to consider Green's claims; and (2) there were disputed issues of material fact that precluded the court's grant of Harsco's summary judgment motion. We conclude that the district court had jurisdiction to consider Green's claims, and that the grant of summary judgment was correct.

## Discussion

### A. Jurisdiction

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . ." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996) (*citing* 28 U.S.C. § 1441(a)). "The burden is on the party requesting removal to set forth, in the notice of removal itself, the ' *underlying facts* supporting [the] assertion that the amount in

---

[2] Rule 60(b)(6) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."

controversy exceeds [$75,000].'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (*quoting Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). A plaintiff objecting to removal may file a motion asking the district court to remand the case to state court. *See Caterpillar*, 519 U.S. at 69. "'This court has jurisdiction over a denial of a motion to remand to state court when coupled with the appeal of a final judgment.'" *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1076 (10th Cir. 1999) (*quoting Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 n.1 (5th Cir. 1994)); *see also Caterpillar*, 519 U.S. at 74 (stating that a timely motion for remand is all that is required to preserve appellate review of an objection to removal).

"[T]here are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Huffman*, 194 F.3d at 1076. Here, Green's assertion that the court had no subject matter jurisdiction is an issue that can never be waived and may be raised at any time. *See id.* at 1076-77. "'Because removal is an issue of statutory construction, we review a district court's determination of the propriety of removal de novo.'" *Id.* (*quoting Leffall*, 28 F.3d at 524).

28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between– (1) citizens of different States." Here,

Green asserts that the amount in controversy had not been established as in excess of $75,000, and therefore removal to federal court was inappropriate. In determining whether the requirements of federal diversity jurisdiction have been established, this court must look to the plaintiff's complaint. *See Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Where the pleadings are found wanting, [however], an appellate court may also review the record for evidence that diversity does exist." *Id.*

Green's amended complaint put forward three claims for damages generally in excess of $10,000 as required by the Oklahoma Pleading Code, Okla. Stat. tit. 12, § 2008(A)(2). [3] In his first motion to remand, however, Green stated that he did "not dispute that the amount in controversy exceeds $75,000.00." Appellant's App. at 314. Moreover, in his response to Harsco's first request for admissions, Green admitted that his claim for damages exceeded $75,000. *See id.* at 345A. Harsco relied on these admissions in its notice of removal, alleging that Green's response to Harsco's first request for admissions was "'other paper from which it may be ascertained that the case is one which is or has become removable.'" Appellee's Supp. App. at 297 (*quoting* 28 U.S.C. § 1446(b)).

---

[3] Section 2008(A)(1) states that "[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), except in actions sounding in contract."

"Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Laughlin*, 50 F.3d at 873. Here, the district court was satisfied that Harsco had shown, by a preponderance of the evidence, that the amount in controversy exceeded the jurisdictional amount. We agree. Green voluntarily admitted that the amount of damages he was seeking exceeded the jurisdictional amount. *See, e.g., Huffman*, 194 F.3d at 1078 (holding that a deposition constitutes "other paper" within the meaning of § 1446(b)). This was sufficient to invoke Harsco's reliance for removal purposes and in fact, this, combined with Green's admission in his first motion to remand, constituted more evidence of the amount in controversy than could have been ascertained from Green's complaint specifying an amount of damages. Consequently, the amount in controversy was adequately established, the district court had subject matter jurisdiction, and the district court correctly denied Green's motion to remand.

## B. Summary Judgment

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs* ., 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S. Ct. 53 (1999). Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). When reviewing a grant of summary judgment, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Simms*, 165 F.3d at 1326.

Initially, Harsco asserts that because Green did not object to the order granting summary judgment in his motion to vacate and remand, he has waived that issue on appeal. We do not agree. Green's motion, filed within ten days of the entry of judgment, tolls the time for filing Green's notice of appeal under Fed. R. App. P. 4(a)(4). *See* Fed. R. App. P. 4(a)(4)(vi) (providing that a Rule 60 motion filed within ten days after service of the judgment tolls the time for filing a notice of appeal until entry of an order disposing of Rule 60 motion). Here, the district court entered summary judgment in favor of Harsco on May 4, 1999. Green filed his Rule 60(b) motion on May 11, 1999, within ten days of the summary judgment order. Therefore, the time for filing a notice of appeal from

the district court summary judgment decision was tolled until entry of the district court decision on Green's Rule 60(b) motion on June 14, 1999. Green subsequently timely filed his notice of appeal on July 1, 1999, rendering his summary judgment issues properly before this court. [4]

Because this case is "grounded on diversity jurisdiction," we apply Oklahoma substantive rules of law. *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998). "A federal court sitting in diversity must apply the law of the forum state, in this case Oklahoma, and thus must ascertain and apply Oklahoma law with the objective that the result obtained in the federal court should be the result that would be reached in an Oklahoma court." *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994). In reviewing this case, we are obligated to "apply Oklahoma law, as announced by that state's highest court." *Hays v. Jackson Nat'l Life Ins. Co*., 105 F.3d 583, 587 (10th Cir. 1997). The district court's determination of Oklahoma law is reviewed de novo. *See Salve Regina College v. Russell*, 499 U.S. 225, 239 (1991).

Green contends that the district court erred in concluding that there was no disputed issue of fact as to whether Harsco's termination of Green was in

---

[4]     We note that Harsco appears to confuse these circumstances with waiver of issues not ruled on by the district court. Here, the summary judgment issues were ruled on by the district court, and in light of Green's timely appeal, are properly considered here.

retaliation for his filing a worker's compensation claim in violation of the Oklahoma Worker's Compensation Act, Okla. Stat. tit. 85, § 5. Section 5(A)(1) prohibits any "person, firm, partnership, corporation or other entity [from] discharg[ing] . . . any employee because the employee has in good faith . . . [i]nstituted or caused to be instituted any proceeding under the [Oklahoma Workers' Compensation Act]." In order to establish a claim under this statute, Green had to prove that (1) he was employed; (2) he suffered an on-the-job injury; (3) he received medical treatment putting his employer on notice that he had initiated worker's compensation proceedings; and (4) he was consequently terminated from his employment. *See Wallace v. Halliburton Co.*, 850 P.2d 1056, 1059 (Okla. 1993). To establish the fourth element, Green had to produce evidence sufficient to support a legal inference that the termination was "significantly motivated" by retaliation for exercising his statutory rights. *Id.*

It appears to be undisputed that Green established the first three elements of his prima facie case. The district court's focus was, therefore, on the fourth element--whether a consequent termination occurred. Green's only argument on appeal in support of his contention that he was terminated as a consequence of his filing a worker's compensation claim is that the timing of his discharge raises an inference of retaliatory discharge. He claims that he was constructively discharged when he was originally sent home after Harsco learned of his back

injury and his worker's compensation claim.  That issue is not reviewable.  In its summary judgment order, the district court noted that, in his response to Harsco's motion for summary judgment, Green conceded that he had no viable claim for constructive discharge.  *See* Appellant's App. at 34 n.1.  In this light the court dismissed this claim with prejudice.  *See id.*  Because this court will not consider on appeal a claim abandoned in the district court,  *see O'Connor v. City & County of Denver* , 894 F.2d 1210, 1214 (10th Cir. 1990), we will not consider Green's constructive discharge argument.

Reviewing the evidence in the light most favorable to Green, we do not believe that a reasonable jury could conclude that his termination was motivated by retaliation for filing a worker's compensation claim.  *See Taylor v. Cache Creek Nursing Centers,*  891 P.2d 607, 610 (Okla. Ct. App. 1994) (holding that plaintiff is required to produce evidence establishing an inference that termination was a consequence of filing a worker's compensation claim).  Green simply failed to establish any link between his termination, a full twenty-one months after his injury, and his worker's compensation claim.  Therefore, Green failed to establish a "consequent termination" of employment.  *Id.*

## Conclusion

Upon careful review of the parties' appellate briefs, the district court's orders, and the record on appeal, this court AFFIRMS the grant of summary judgment in favor of Harsco for substantially the reasons set forth in the district court's order dated May 4, 1999. Additionally, we AFFIRM the district court's denial of Green's post-judgment motion to vacate and remand.

Entered for the Court

Monroe G. McKay
Circuit Judge