**Marshall E. DAVIS, Plaintiff,**

v.

**JIM QUINLAN FORD, LINCOLN– MERCURY, INC., Defendant.**

No. 95–249–CIV–T–17E.

United States District Court, M.D. Florida, Tampa Division.

June 28, 1996.

Edward L. Scott, Willard Ira Pope, Scott & Gleason, P.A., Ocala, FL, for plaintiff.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Gregory David Jones, Rywant, Alvarez, Jones & Russo, P.A., Tampa, FL, for defendant.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This Cause is before this Court on the following motion and response:

1. Defendant's Motion for Summary Judgment (Dkt. 16).

2. Plaintiff's Motion in Opposition (Dkt. 18).

### *FACTS*

Plaintiff, Marshall E. Davis, was employed as a car salesman by Defendant from May 28, 1993 until October 15, 1993. Defendant, Jim Quinlan Ford, Lincoln–Mercury, Inc. is a dealership that sells new and used cars. It is a Florida corporation with its principal place of business located in Brooksville, Florida. On November 3, 1993, Defendant notified Plaintiff that it had fired him as of October 15, 1993. In response, Plaintiff filed a two count suit against Defendant claiming that Defendant violated the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C.

§ 12101 et. seq., and that the Defendant violated the Florida Workers' Compensation Law, Fla.Stat. § 440.205 (1990) (Dkt. 1). Defendant subsequently filed this Motion for Summary Judgment on both counts. (Dkt. 16).

On September 15, 1993 Plaintiff notified his supervisor and left work due to illness. The following day, after a visit to his doctor, Plaintiff checked into a local hospital. Plaintiff stayed in the hospital, where he was treated for a heart attack. After discharge and a recovery period, Plaintiff returned to work on October 1, 1993. On October 15, 1993 Plaintiff, claiming he was ill, left work early. The following day he checked into another hospital for a psychiatric evaluation. Plaintiff remained hospitalized for about two weeks.

Plaintiff was discharged from the hospital on November 2, 1993, and the next day went to Defendant's place of business to inform Defendant that Plaintiff required four to eight weeks leave to participate in a recovery program. When Plaintiff arrived, Bob Noxon, a supervisor, told Plaintiff that Defendant had fired Plaintiff as of October 15, 1993 because Plaintiff failed to come to work or notify Defendant of Plaintiff's hospitalization.

## STANDARD OF REVIEW

■ Summary judgment is not appropriate if, when viewed in light most favorable to the non-moving party, the court finds there are genuine issues of material fact. *Samples on Behalf of Samples v. Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988). The movant carries the burden of presenting sufficient evidence demonstrating the absence of a genuine issue of material fact. *Celotex Co. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In addition, the non-moving party must demonstrate that there is a genuine issue for trial. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir.1987).

## DISCUSSION

### I. Americans With Disabilities Act

■ Plaintiff claims that he is a qualified person under the ADA because he had a heart attack, and Defendant knew of the heart condition. Plaintiff also claims that the second hospitalization, although psychiatric, was heart attack related because Plaintiff's primary problem was the fear of having another heart attack. Plaintiff argues that he has a mental disability which Defendant was aware. Plaintiff claims his request for time to participate in the four to eight week recovery program was not an unreasonable request under the ADA. Finally, Plaintiff claims that he would have been able to work after a four-to-eight week recovery program had Defendant allowed for it, but that Defendant's act of firing him caused him irreparable harm and rendered him unable to seek employment since that time.

Defendant claims that Plaintiff is not a qualified individual under the ADA because Defendant did not have notice of Plaintiff's disability. Defendant does not deny that it knew about Plaintiff's heart attack and first hospitalization, but claims that Plaintiff's second hospitalization, the one for which Defendant fired Plaintiff, was not related to the heart attack. Defendant argues that Plaintiff's second absence and hospitalization was for a separate psychiatric problem of which Defendant had no notice. Defendant claims that allowing Plaintiff a four-to-eight week leave of absence to participate in a treatment program was not a reasonable accommodation. Defendant argues that because Plaintiff could not work at the time he was fired, that he has attempted suicide, has been involuntarily committed to a psychiatric facility, received electro-shock treatment, and has not worked since he was fired, he does not qualify under the ADA.

■ For Plaintiff to establish a prime facie case of discriminatory discharge he must show that he is a qualified person with a disability, and that Defendant fired him because of his disability. 42 U.S.C. § 12112(a) (1990). A qualified person under the ADA is one with a disability who can perform the essential functions of his job with or without reasonable accommodations. *School Bd. of Nassau County, Fla. v. Arline*, 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307 (1987). However, an employer is only required to make a reason-

able accommodation if it is related to the particular disability. *Fedro v. Reno,* 21 F.3d 1391, 1396 (7th Cir.1994). An employer cannot be held liable for discharging a person with a disability if it does not know about the disability. *Muller v. Hotsy Corp.,* 917 F.Supp. 1389, 1409 (N.D.Iowa 1996).

In his job as a car salesman, Plaintiff would have to sit, stand, walk and negotiate sales with the public. On October 16, 1993, Plaintiff admitted himself into the hospital because he could not "negotiate a deal". Yet he claims that, at the time he was fired, after a two week hospital stay, he would have been able to do so with reasonable accommodation. While it is evident that Plaintiff has not worked since he was fired, there remains the question of whether he could have performed his job after the accommodation of the four-to-eight week recovery program. If he would not have been able to work, even with the eight week program, he does not qualify under the ADA. On the other hand, if Plaintiff would have been able to perform the essential functions of his job after the program, including negotiating a deal, then he may have qualified at the time. Plaintiff may have a difficult time showing that he would have been able to work since he has not worked since he was fired, has been hospitalized on several occasions for psychiatric reasons, and claims he is unable to work now. However, an expert's testimony would be helpful to determine more certainly whether or not Plaintiff could have returned to his position and been able to negotiate had he been allowed the accommodation he requested.

■ Also at issue in this case is whether Defendant knew of Plaintiff's disability. Plaintiff, in his Complaint, claimed that his disability was his heart attack, but in his memorandum opposing the Motion for Summary Judgment, Plaintiff claimed that his psychiatric illness was also a disability that falls under the ADA. This Court will only address Plaintiff's disability as pled in his Complaint. If Plaintiff wishes to amend his Complaint, he must do so according the Rules. In his Complaint, Plaintiff maintains that his psychiatric hospitalization was related to his heart attack, that Defendant knew

of it and fired Plaintiff because of it. Whether a psychiatric hospitalization for a man who had a heart attack two weeks earlier is related to the heart attack is a question that may be best suited for an expert and a trier of fact.

Provided Plaintiff could have satisfied the requirement that he be able to work with reasonable accommodation, the question still remains whether Plaintiff's request for time to participate in a four to eight week recovery program was a reasonable accommodation related to the particular disability. Keeping in mind that an employer is only required to make reasonable accommodations related to the particular disability, this issue should be settled by the resolution of the above issues. This Court denies the Motion for Summary Judgment as to the ADA claim due to the above unsettled issues.

## II. Workers' Compensation Law

■ Plaintiff claims that Defendant discharged him when it found out that Plaintiff intended to make a workers' compensation claim, not, as Defendant claims, because Plaintiff did not notify Defendant about Plaintiff's absence and hospitalization. Plaintiff alleges he told someone that he was ill on the day he clocked out. Plaintiff also claims his wife called Defendant the following morning and notified a manager that Plaintiff was going into the hospital. Allegedly, Plaintiff's wife visited Defendant's place of business on at least one occasion while Plaintiff was hospitalized. Plaintiff asserts that his wife was assured on more than one occasion by Defendant's supervisor that Plaintiff had a job.

Plaintiff maintains that on October 28, 1993, while hospitalized, he contacted a payroll clerk at Defendant's place of business to inquire about filing a workers' compensation claim. Plaintiff asked about making a claim and notified the clerk that he planned to file a claim. Plaintiff states that the clerk informed him that there would be no repercussions for his actions. Plaintiff claims that because the clerk was the person who received workers' compensation claims for Defendant, the clerk was within the scope of the agent's authority and a proper person to notify. Plaintiff states that Defendant can-

not rely on its argument that it did not have notice because the notice was not according to the employee manual. Plaintiff argues that the manual only requests, but does not require, notice through a supervisor.

Defendant claims that it fired Plaintiff because he did not come to work for several days, and did not properly notify Defendant according to the employee manual. Secondly, Defendant says that it did not have notice of the workers' compensation claim because Plaintiff contacted a payroll clerk, who was not a proper person according to the employee manual. Finally, Defendant argues that Plaintiff could not file a workers' compensation claim because Defendant fired him sometime around October 24, 1993, retroactive to October 15, 1993, before the claim was filed.

The Florida Workers' Compensation Law, Fla.Stat. § 440.205 (1990), states that an employer cannot discharge an employee because the employee makes or attempts to make a valid claim under the law.

How, when, and why Defendant came to its decision to terminate Plaintiff are all genuine issues of material fact that remain in dispute in this case. They must be settled in order to determine whether or not Defendant acted in violation of the Florida Worker's Compensation Law. This Court denies the Motion for Summary Judgment on the ADA claim, as well as on the workers' compensation claim, since material facts remain in dispute. Accordingly, for the reasons stated in this opinion, it is

**ORDERED** that Defendant's Motion for Summary Judgment as to ADA claim and Workers' Compensation claim be **denied.**

**DONE AND ORDERED.**