**Kathleen M. HUMPHREY, Plaintiff,**

v.

**SEARS, ROEBUCK, AND CO., Defendant.**

No. 01–14047–CIV.

United States District Court,
S.D. Florida.
Ft. Pierce Division.

Feb. 14, 2002.

John Kevin Griffin, McGill Griffin, Pensacola, FL, for Kathleen M. Humphrey.

Eric Andrew Gordon, Arnstein & Lehr, West Palm Beach, FL, for Sears Roebuck and Co.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment (DE# 36). Plaintiff's response and Defendant's reply thereto have been filed.

UPON consideration of the Motion, responses, and the pertinent portions of the record, the Court enters the following Order granting Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff Kathleen Humphrey worked at Defendant Sears, Roebuck and Company at its Treasure Coast Mall store in Jensen Beach, Florida. She was hired by Defendant on April 26, 2000 as a sales associate in the Brands Central Department. Plaintiff alleges that on August 3, 2000 she injured her right foot while removing merchandise. Plaintiff claims that the injury was severe enough to impede her mobility.

Plaintiff alleges that she attempted to report the injury to her supervisor, but the department manager was not available

that day. She also states that she reported the incident as soon as she could locate a supervisor, but she was only instructed to put ice on the injury. On December 19 or 20, 2000, Plaintiff alleges she delivered two doctor's notes from her foot doctor, Dr. Keith Kalish, to her supervisor Ron Swanson.

On Christmas Eve, December 24, 2000, Plaintiff informed Ron Swanson that she had to be excused from work because her foot pain prevented her from walking. One of Dr. Kalish's notes stated that Plaintiff would be able to return to work on light duty until December 28, 2000. On December 24, 2000 Plaintiff alleges that she requested that Swanson fill out a worker's compensation claim form for her. Plaintiff alleges that Swanson informed her that she would have to obtain a better explanation of what Dr. Kalish meant by light duty work, and that he would inform her as to the status of her worker's compensation claim by telephone.

Plaintiff alleges that she did not hear from Swanson, and so she telephoned him at Sears several times on December 27th, 2000 and December 28th or 29th, 2000. Plaintiff states that she had not heard from Swanson about her worker's compensation claim, and therefore she went to the Treasure Coast Mall Sears to inquire about the claim and to present Swanson with a December 26, 2000 doctor's note.

Swanson claims that Plaintiff did not appear for work or call in to be excused on January 3, 2001 or January 4, 2001 according to Sears policy For this reason, Swanson states that he decided to terminate her on the morning of January 4, 2001. Plaintiff asserts that she was not aware that Swanson had placed her on the work schedule for January 3, 2001 and January 4, 2001, and that she first discovered this fact upon arriving at Sears on January 4, 2001. Plaintiff alleges that Swanson knew she would not be coming to work until the pain of her foot condition had lessened.

Plaintiff filed a Complaint against Defendant pursuant to Fla. Stat. § 440.205 in the Nineteenth Judicial Circuit in and for Martin County Florida, and the action was removed to this Court on diversity grounds on February 16, 2001.

## I. DISCUSSION

### A. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment may be entered only where there is no genuine issue of material fact. *See Twiss v. Kury,* 25 F.3d 1551, 1555 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* at 157, 90 S.Ct. 1598.

> However, the non-moving party [m]ay not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(c). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient;

there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In fact,

> the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.* at 323, 106 S.Ct. 2548.

### B. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment based on Plaintiff's failure to provide evidence of intent that Defendant terminated her in retaliation for filing a worker's compensation claim in violation of Fla. Stat. § 440.205. This provision of the Florida Statutes provides "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation Law." Fla. Stat. § 440.205.

Plaintiff states that the "how, when, and why Defendant came to its decision to terminate Plaintiff are all genuine issues of material fact that remain in dispute in this case." *Davis v. Jim Quinlan Ford, Lincoln–Mercury, Inc.,* 932 F.Supp. 1389, 1393 (1996). The Court disagrees.

■ In order to establish a *prima facie* case of retaliatory discharge, Plaintiff must show that she (1) engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the Plaintiff's protected activities. *Little v. United Technologies,* 103 F.3d 956, 959 (11th Cir. 1997). *See Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 950–951 (11th Cir. 2000) (affirming application of Title VII retaliation analysis to retaliatory discharge claim under Florida state statute).

■ Plaintiff has demonstrated that she attempted and ultimately succeeded in filing a worker's compensation claim, and that eleven days after notifying her supervisor that she intended to file a claim, she was terminated. The Court finds that Plaintiff has shown a causal connection exists between her protected activity and her adverse employment action as she has provided evidence that (1) Defendant became aware of her protected conduct and (2) there was a close temporal proximity between Defendant's awareness and her subsequent termination from her job. *Clover v. Total Sys. Serv.,* 176 F.3d 1346, 1354 (11th Cir.1999). Defendant offers the legitimate, nondiscriminatory reason of job abandonment in opposition to Plaintiff's *prima facie* case. *Texas Dep't of Comm. Affairs v. Burdine,* 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Plaintiff then bears the burden of persuasion that the proffered reasons are pretextual. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. 1817. Plaintiff may carry her burden by showing that the reason offered for her termination had no basis in fact, that the reason was not the true factor motivating the termination decision, or that the stated reason was insufficient to motivate the decision. *Holston v. The*

*Sports Auth., Inc.,* 136 F.Supp.2d 1319, 1338 (N.D.Ga.2000).

■ Plaintiff has not shown that the reason has no basis in fact or that the reason given was not the true factor motivating the termination decision, as she admitted in her deposition that she was told by Swanson that she had been terminated for violating Sears' "no show, no call" policy.[1] Plaintiff has also not disputed that she did not show up to work on January 3, 2001 or January 4, 2001. Plaintiff attempts to support her retaliation claim by stating that she was unaware she had to report to work on these two days, and that Swanson should have been aware that she was not going to report to work due to her foot condition. Plaintiff's evidence concerning her work schedule focuses solely on her beliefs as to when she was to report to work at Sears. Plaintiff does not proffer any evidence which would show that she was instructed not to come into work on the days she did not. Therefore, Plaintiff has failed to show that the reason for her termination had no basis in fact or was not the true reason for her termination, as Plaintiff has not shown that Swanson did not honestly believe she had violated the Sears "no show, no call" policy. *See Pollard v. Rea Magnet Wire Co.,* 824 F.2d 557, 559 (7th Cir.1987) (stating that honest yet ill-informed decision does not constitute pretext for discrimination purposes); *Clark v. Coats & Clark, Inc.,* 990 F.2d 1217, 1228 (11th Cir.1993) ("An employer's good faith belief that an employee's performance is unsatisfactory constitutes a legitimate nondiscriminatory reason for termination").

Plaintiff also offers the testimony of Chuck Phillips in an attempt to support her retaliation claim. Phillips is an asset protection associate at Sears who expressed to Plaintiff his belief that she was terminated for her foot injury. Phillips' beliefs about the reason for Plaintiff's termination are irrelevant however, as Phillips did not participate nor have control over the decision to fire Plaintiff nor any other Sears employee. Phillips' speculation is simply inadmissible.

Finally, Plaintiff has failed to demonstrate that the stated reason was insufficient to motivate her termination. Instead, Plaintiff rests on her casual connection evidence that she was fired shortly after informing Swanson she wanted to file a claim. Plaintiff, in order to avoid summary judgment, does not need to show by a preponderance of the evidence that the reason given for her termination was pretextual. Plaintiff only needs to introduce evidence "that could form the basis for a finding of facts, which when taken in the light most favorable to the nonmoving party, could allow a jury to find by a preponderance of the evidence that the plaintiff has established pretext, and that the action taken was in retaliation for engaging in the protected activity." *Hairston v. Gainesville Sun Publ'g Co.,* 9 F.3d 913, 921 (11th Cir.1993).

The Court finds that Plaintiff has failed to carry this burden however, as Plaintiff has not provided evidence that she was not in abandonment of her job. As Plaintiff has not introduced evidence to show that the reasons for her termination were pretextual, Plaintiff's claim of retaliation does not withstand Defendant's motion for summary judgment.

## II. CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment be GRANT-

---

1. Kathleeen Humphrey Deposition Transcript, at 196, 281.

ED. This case is CLOSED. All pending motions are DENIED AS MOOT.