[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16435
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-22705-CV-PAS

ROBERTO BORJA,

Plaintiff-Appellant,

versus

HINES NURSERIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2006)

Before DUBINA, HULL and COX, Circuit Judges.

PER CURIAM:

Roberto Borja ("Borja") appeals the district court's grant of summary judgment

in favor of Hines Nurseries, Inc. ("Hines"), disposing of his overtime claim under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as his claim for workers' compensation retaliation under Florida Statutes § 440.205. The district court judge granted summary judgment to Hines on the FLSA claim based on the finding that, as an agricultural employee, Borja was exempt from the protections of the FLSA as to overtime pay. *See* 29 U.S.C. § 213(b)(12). The judge granted summary judgment on the Florida Workers' Compensation retaliation claim because Borja could not make out a prima facie case for retaliation. We agree with the district court's decisions and affirm.

During all times relevant to this case, Borja was employed by Hines as either a driver of "jockey trucks," which move empty plant trailers to a portion of the Hines facility where they are loaded with plants in preparation for sale, or as a "staging area" employee, with the responsibilities of watering plants, loading plants onto trailers, and picking up trash in the nursery area. About three weeks before the termination of his employment, Borja complained to his superiors of breathing problems. Hines sent Borja to a workers' compensation doctor for evaluation. The doctor concluded that Borja suffered from no work-related condition. Subsequently, Borja returned to work. On October 18, 2004, Borja's superior noticed that he was not working and questioned him about how he felt. Borja responded that he was having breathing problems. The supervisor then demanded that Borja see a doctor

to certify that he was able to return to work. Borja did not do so. Instead, he simply returned to work the next day, at which time he was ordered to discontinue working until he obtained certification from a doctor of his fitness to work. Borja left his job that day and never returned.

Borja makes two principal contentions on appeal. First, he contends that, because some of his job included picking up trash in the nursery, none of his employment was exempt from FLSA overtime regulations. This contention is meritless. Both the Department of Labor and Supreme Court have made clear that activities that are secondary to farming, but supportive of it, are included within the agricultural exemptions to the FLSA. *See* 29 U.S.C. § 213(b)(12); 29 C.F.R. §§ 780. 153, 780.154, 780.155, 780.158. Among those supportive, yet exempt, positions listed in the Code of Federal Regulations are secretaries, bookkeepers, night watchmen, and maintenance workers. 29 C.F.R. § 780.158(a). The regulation also exempts a cook for the agricultural workers. 29 U.S.C. § 780.158(b). Surely, the person who cleans the area where the crops are stored fits within this group, as does the person who transports empty containers to a portion of the farm where they will be filled with crops. *See Maneja v. Waialua Ag. Co.*, 349 U.S. 254, 270-71, 75 S. Ct. 719, 728-29 (1955) (holding that the sugar processing exemption under what is now 29 U.S.C. § 213(j) "covers the workmen during the processing season while . . .

cleaning the equipment during the week-end shut-down, and performing other tasks closely and intimately connected with the processing operation.").

Borja also contends that the district court erred in finding that Borja could not make out a prima facie case of retaliation under Florida Statutes § 440.205 because he could not show that he had suffered an adverse employment action. *See, e.g., Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 950-51 (11th Cir. 2000) (holding that the burden-shifting approach from Title VII[1] can be applied in Florida workers' compensation retaliation cases); *Humphrey v. Sears, Roebuck, & Co.*, 192 F. Supp. 2d 1371 (S.D. Fla. 2002) (same). Borja argues that he was fired on October 18, 2004 when his supervisor, Sammy Locknath, stated that he did not want Borja to work anymore. However, Borja misrepresents what Locknath actually said. On October 18th, Borja told Locknath that he was not feeling well, and Locknath ordered him to see a doctor to get clearance to work and stated in that regard that he did not want Borja to work anymore without such certification. On the next day, when Borja reported to work without any certification of his ability to work, Locknath ordered

---

[1]The burden-shifting approach from Title VII retaliation cases requires a plaintiff to show (1) that he sought the protections of the relevant statute; (2) that he suffered an adverse employment action; and (3) that there exists a causal link between the adverse action and his seeking the statute's protections. *See Little v. United Technol., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). Once the plaintiff makes this showing, the defendant may then offer legitimate, non-retaliatory reasons for the adverse employment action, and once this occurs, the plaintiff must overcome those reasons by presenting evidence that they are pretextual. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919-921 (11th Cir. 1993).

4

him to discontinue working, stating that failure to comply would cause Locknath to have to call the police.

At no time did Locknath fire Borja. The evidence before the district court on summary judgment was that Borja needed only to obtain medical certification of his fitness to work in order to return to his job. When Borja left his job on October 19th and did not return, he was deemed to have resigned, pursuant to established, written company policy. Thus, the only "adverse employment action" that Borja suffered was of his own making. The mere temporal proximity of Borja's constructive resignation to his requests for workers' compensation cannot establish the prima facie case required for a retaliation claim where the company took no affirmative action to remove Borja from the payroll until Borja abandoned his job.

Accordingly, we affirm the district court's grant of summary judgment to Hines.

**AFFIRMED.**