535 So.2d 638 (1988)
Earl R. ALLAN, Jr., Appellant,
v.
SWF GULF COAST, INC., D/B/a Southwest Forest Industries, Appellee.
No. 87-1991.
District Court of Appeal of Florida, First District.
December 15, 1988.
Scott W. Clemons, of Bryant, Higby & Williams, Panama City, for appellant.
G. Thomas Harper and Michael W. Bishop, of Haynsworth, Baldwin, Miles, Johnson, Breckenridge & Harper, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a final judgment entered in accordance with a jury verdict determining that appellee did not violate section 440.205, Florida Statutes, in terminating appellant's employment. We find that in the context presented the court's instructions to the jury do not warrant reversal. Appellant has demonstrated no other error below, and we therefore affirm the order appealed.
Appellant filed a multiple count complaint seeking both compensatory and punitive damages, claiming that appellee wrongfully terminated his employment in violation of section 440.205, Florida Statutes. Appellant had reported a back injury while employed by appellee, and sought *639 worker's compensation benefits under chapter 440, Florida Statutes. He alleged that his treating physician initially precluded him from returning to work, and that when he did return he was suspended "for allegedly engaging in physical activities while under a doctor's care... ." Appellant further alleged that appellee thereafter "wrongfully and unlawfully" discharged him from employment "in retaliation" for pursuing a worker's compensation claim.
Appellee moved for dismissal of appellant's complaint, arguing that the subject matter was preempted by federal law and should proceed to arbitration in accordance with the parties' collective bargaining agreement. The trial court denied the motion to dismiss and appellee appealed to this court. In that appeal, Southwest Gulfcoast Inc. v. Allan, 513 So.2d 219 (Fla. 1st DCA 1987), the jurisdictional ruling was affirmed. The appellate opinion suggests that section 440.205, Florida Statutes, operates independently of the collective bargaining agreement, and that the question of whether appellant was discharged in violation of section 440.205, Florida Statutes, is properly addressed in the state forum.
The action proceeded to trial and evidence was presented that while appellant was on medical leave he was under surveillance by a private investigator. Although bed rest with limited activity was medically recommended, appellant was observed physically engaged in the construction of a house. When he returned to work appellant was suspended and thereafter discharged, for the stated reason that "his activities were very inconsistent with what he had told the doctor." Appellee subsequently prepared a written report advising that "information available to us indicates that [appellant] claimed disability benefits under false pretense, and gave false information to us concerning his injury and conduct while he was away from work."
At the conclusion of the trial the court instructed the jury that to recover damages appellant must prove that he was discharged "in retaliation" for pursuing a worker's compensation claim. Emphasizing that this need not be the only reason for appellant's discharge, the court directed the jury to determine whether the desire to retaliate was a substantial factor in appellant's discharge.
Section 440.205, Florida Statutes, provides that:
No Employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation Law.
As the court recognized, this enactment does not require that the employee's pursuit of worker's compensation benefits be the only reason for a discharge. The statute prohibits any discharge "by reason of" an attempt to claim compensation, even if there may also be other reasons for the discharge. And while section 440.205 has been characterized as a "retaliatory discharge" provision, see Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983), a specific retaliatory intent is not required by the express statutory language.
In accordance with the language of appellant's complaint, the court instructed the jury that appellant must establish that he was discharged in retaliation for claiming worker's compensation benefits. Although such an instruction might be misleading in other contexts, in the circumstances here presented it was not prejudicial. The court's instruction not only accords with the wording of the complaint, but is also consistent with appellant's theory of the case as presented below. In this context the jury was neither misled nor misinformed, and appellant may not overturn the verdict based on the court's instruction.
The order appealed is affirmed.
ERVIN and ZEHMER, JJ., concur.