Tanae **TAYLOR**, Appellant,

v.

**CACHE CREEK NURSING CENTERS,**
an Oklahoma corporation, Appellee,

and

**N.M.E. Properties, Inc., a Delaware corporation, Defendant.**

**No. 83059.**

Court of Appeals of Oklahoma,
Division No. 2.

Nov. 15, 1994.

Rehearing Denied Dec. 27, 1994.

Certiorari Denied Feb. 28, 1995.

---

Laura Emily Frossard, Tulsa, for appellant.

John A. Gladd, Gladd & Smith, P.A., Tulsa, for appellee.

RAPP, Judge.

Trial court plaintiff, Tanae Taylor, appeals the trial court's denial of her motion for new trial following the grant of summary judgment in favor of defendant, Cache Creek Nursing Centers, in this action for retaliatory discharge from employment.

Plaintiff worked as a medication assistant at Mayflower Nursing Home. She filed a workers' compensation claim after suffering an injury while helping lift a patient in January 1989.[1] She returned to work later that month with a doctor's restriction on her lifting capacity and began performing modified duties.

Defendant Cache purchased the nursing home in April 1990, rehiring plaintiff and most of the other workers. Plaintiff's doctor put her on a two-week leave from work in July 1990. When plaintiff returned on July 25, 1990, her supervisor discharged her.[2]

Plaintiff brought this action for reinstatement and actual and punitive damages. Her petition alleges defendant terminated her in violation of 85 O.S.1991 §§ 5–6.[3]

Cache filed a motion for summary judgment. The trial court sustained the motion, specifically finding: "Plaintiff never made a workers' compensation claim against Defendant, her employer. The court concludes Plaintiff failed to state a prima facie case under 85 Section 5 and pursuant to *Buckner v. General Motors Corp.*, 760 P.2d 803 (1988)."

Plaintiff filed a motion for new trial.[4] The trial court denied the motion. Plaintiff appeals.

Plaintiff raises two propositions of error. However, only the first will here be considered.[5] The issue is:

Does a retaliatory discharge action under 85 O.S.Supp.1993 § 5 cover cases where an employee filed a workers' compensation claim against a previous employer?

■ It is undisputed that plaintiff was an employee terminable at will. As such, she, in general, may be terminated at the employer's pleasure. However, an exception to this general rule is made where termination violates a clear public policy mandate expressed by constitutional, statutory, or decisional law. One such exception is where a worker exercises the statutory right to file a workers' compensation claim. *Burk v. K–Mart Corp.*, 770 P.2d 24 (Okla.1989).

---

1. A co-defendant, N.M.E. Properties, paid the workers' compensation claim in a settlement filed October 14, 1991, and was dismissed from this case without prejudice.

2. The circumstances surrounding her firing are in dispute. Defendant's manager stated in an affidavit: plaintiff said she hurt herself at home and could only do light duty; defendant informed her it did not have a policy of light duty except for a few days and she would need a doctor's release to return; and plaintiff did not return or bring the release.

Plaintiff stated in a deposition that her supervisor told her she was being fired because she was not able to perform 100 percent, specifically because of the lifting restriction.

3. The applicable portions of the statute, now found in 85 O.S.Supp.1993 § 5, state:

A. No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted in

good faith, any proceeding under the provisions of this title....

B. No employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties....

Section 6 provides for penalties for violations of this title.

4. Plaintiff's petition grounds the action on violation of 85 O.S.1991 §§ 5–6. The motion for new trial asserts violation of 85 O.S.1991 §§ 5–7.

5. The second allegation is based on *Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218 (Okla. 1992), which holds that an antidiscriminatory statute does not provide the exclusive remedy for an employee alleging a racially motivated discharge or a discharge in retaliation for filing a racial discrimination complaint. Such an employee can state a common-law claim for tortious breach of contractual obligations. However, the brief does not set out racially discriminatory action by Cache, and we decline to extend *Tate.*

**610**

■ The question of whether this right applies against successor business employers, and not just the employer against whom the claim was filed, does not appear to have ever been addressed in this state. This issue presents a contested issue of law, and thus is reviewable by a de novo standard. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

■ The cardinal rule of statutory construction is to ascertain and give effect to legislative intent. The words of a statute will be given a plain and ordinary meaning, unless contrary to the purpose and intent of the statute when considered as a whole. *Naylor v. Petuskey,* 834 P.2d 439 (Okla.1992). The clear intent of the Retaliatory Discharge Act is "to prohibit discrimination against employees who either initiated or participated in workers' compensation proceedings." *Ingram v. Oneok, Inc.,* 775 P.2d 810, 811 (Okla. 1989). Exempting subsequent employers from the statute would allow them to defeat the Legislature's intent by firing or threatening to fire workers who had exercised their statutory rights. Additionally, such an exemption could readily discourage employees from exercising those rights. Therefore, we hold 85 O.S.Supp.1993 § 5 does apply to successor business employers.

Having determined that Cache, by its status as a successor employer, may not violate the provisions of 85 O.S.Supp.1993 § 5, we must now consider whether such violation did, in fact, occur.

■ Plaintiff, to qualify under section 5, must demonstrate a prima facie case under *Buckner v. General Motors Corp.,* 760 P.2d 803 (Okla.1988), by showing: (1) employment; (2) an on-the-job injury; (3) medical treatment putting the employer on notice or the good-faith start of workers' compensation proceedings; and (4) consequent termination of employment.

■ Based on the above, plaintiff has clearly met the first three elements of the test. As to the fourth element concerning whether there was a "consequent" termination, plaintiff is required to produce evidence that gives rise to a legal inference her firing was "significantly motivated" by retali-

ation for filing the claim. *Wallace v. Halliburton Co.,* 850 P.2d 1056 (Okla.1993).

■ Here, plaintiff has failed to show that her firing was such a consequence. There is no evidence, for example, showing a pattern of termination of workers who filed claims, or of pressure put on workers not to file claims. Plaintiff does not allege her supervisor or other employer representative referred to the claim. Although she alleges retaliation, she cannot simply rely on her own pleadings in opposition to material supporting a motion for summary judgment. *Weeks v. Wedgewood Village, Inc.,* 554 P.2d 780 (Okla.1976).

■ The facts show plaintiff was fired immediately after returning from a two-week, doctor-ordered disability leave. However, this in itself does not raise a legal inference that the firing was significantly motivated by retaliation. The evidence shows that both her previous employer and Cache gave her time to improve and that plaintiff has not been able to perform all required duties since the accident. Thus, it is clear plaintiff failed to demonstrate that reasonable persons might reach different inferences or conclusions from the undisputed facts presented. *Buckner,* 760 P.2d at 812; *see also Weaver v. Pryor Jeffersonian,* 569 P.2d 967, 973 (Okla.1977). The trial court, having previously correctly ruled that plaintiff failed to establish a prima facie case, then correctly overruled plaintiff's motion for a new trial.

The trial court decision overruling plaintiff's motion for new trial is affirmed.

AFFIRMED.

BOUDREAU, P.J., and REIF, C.J., concur.