W. SHARP, J.
Silvers appeals from a final judgment in favor of Timothy J. O’Donnell Corporation, based on a directed verdict entered at the close of the Silvers’ case at trial. The trial court ruled that Silvers had “offered no evidence of O’Donnell’s motivation or timing of the decision to terminate Plaintiff relative to his filing a workers compensation claim.” Silvers brought suit against O’Donnell for violation of section 440.205, Fla. Stat., which provides:
No employer shall discharge, threaten to discharge, intimidate or coerce any employee by reason of such employee’s valid claim for compensation or attempt to claim compensation under [this law].
We reverse.
We think that, although it was minimal and largely circumstantial, Silvers presented sufficient evidence to merit submission to the jury that his employer and supervisors knew that he was applying for workers compensation when they fired him. At the time he was terminated they were aware of his injury suffered on December 12th, for which he called in sick on December 13th. Because O’Donnell Corporation was a small business, the inference is available that Silvers’ supervisor and the business owner were aware that on December 14th, when he came to their business office, he was referred to Central Care for medical care and was in the process of seeking compensation coverage. At noon, when he returned with a work release and showed it to his supervisor, he was fired, allegedly for being late on previous occasions. The reason for his discharge was disputed in the record.
In addition, it appears that at least three other employees of O’Donnell had allegedly been fired for bogus reasons after they filed claims for workers compensation. The substance of their testimonies is in the record in the form of affidavits, and they were listed as witnesses. However, the trial court ruled summarily that they would not be permitted to testify. We think this was error. Similar firings under similar circumstances would be extremely relevant to this case. See Duckworth v. Ford, 83 F.3d 999 (8th Cir.1996); Hawkins v. Hennepin Technical Center, 900 F.2d 153 (8th Cir.), cert. denied 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); Kunzman v. Enron Corp., 941 F.Supp. 853 (N.D.Iowa 1996).
REVERSED AND REMANDED.
DAUKSCH and COBB, JJ., concur.