IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 7, 2002 Session

## MICHAEL LEE HAYES v. COMPUTER SCIENCES CORPORATION, ET AL.

**Appeal from the Circuit Court for Coffee County**
**No. 29,957     L. Craig Johnson, Judge**

---

**No. M2001-01611-COA-R3-CV - Filed January 14, 2003**

---

Michael Hayes sued Aerospace Contractor Support (ACS) for retaliatory discharge. He alleged that he was fired because he had filed a workers' compensation claim against a previous employer. The trial court granted summary judgment to ACS stating that the current law in Tennessee did not allow such a cause of action. We reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, J. and THOMAS W. BROTHERS, SP. J., joined.

H. Thomas Parsons, Manchester, Tennessee, for the appellant, Michael Lee Hayes.

Patricia Head Moskal and Luther Wright, Jr., Nashville, Tennessee and William C. Rieder, Tullahoma, Tennessee, for the appellee, Aerospace Contractor Support.

**OPINION**

**I.**

The plaintiff in this case makes the following allegations: Michael Lee Hayes had been employed since 1986 multiple times as a temporary painter at the Arnold Engineering Development Center ("AEDC") by different contractors. While employed by contractor Brighton Painting Company ("Brighton"), on May 2, 1997, he sustained an on-the-job injury. He later filed a workers' compensation claim against Brighton and its insurance carrier. This lawsuit was settled in November of 1998, and he received the workers' compensation benefits to which he was entitled.

On June 22, 1998, Aerospace Contractor Support ("ACS"), a contractor at AEDC, hired Mr. Hayes, along with four other painters, as temporary employees. ACS is a joint venture composed

of Computer Sciences Corporation, Dyncorp, Inc. and General Physics Corporation. The custom with the contractors at AEDC had been to lay off employees on a first hired, first fired basis. ACS terminated Appellant's employment on September 30, 1998. He was the only painter of the four who was laid off at that time.

Mr. Jim Gregory was Appellant's supervisor during his employment with ACS. Mr. Gregory was told by his supervisor, Mr. Dave Sliger, to fire Appellant because of his workers' compensation lawsuit against Brighton. During his employment with ACS, appellant never sustained an on-the-job injury, and did not file any workers' compensation claims against ACS.

Appellant sued five defendants on August 6, 1999, Computer Sciences Corporation, Dyncorp, Inc., General Physics Corporation, ACS and Jim Nicholson for four causes of action seeking declaratory relief, injunctive relief, back pay, compensatory damages, and punitive damages. His causes of action were: (1) breach of implied covenant to act in good faith and deal fairly with employees; (2) retaliatory discharge; (3) violation of public policy; and (4) interference with a business relationship. Mr. Nicholson was dismissed by agreed order.

The remaining defendants filed a Motion for Summary Judgment on April 20, 2001. The trial court granted the Motion for Summary Judgment stating that although the statements by Mr. Sliger "were reprehensible" and that "those statements create genuine issues of material facts regarding Defendant ACS' reasons for terminating Plaintiff's employment," the current state of the law in Tennessee would not allow such a lawsuit. The trial court stated, "Plaintiff had to have been an employee of the defendant who discharged him at the time of Plaintiff's injury and Plaintiff had to have filed a workers' compensation claim against that same defendant/employer in order to establish a workers' compensation retaliatory discharge claim against that defendant/employer."

## II.

Upon a review of a grant of summary judgment, this Court must determine whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). As this inquiry involves purely a question of law, our review is *de novo* without a presumption of correctness. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Summary judgments are appropriate only where there is no genuine issue of material fact relevant to the claim or defense contained in the motion and the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See* Tenn. R. Civ. P. 56.03; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). In view of these standards, we turn now to the legal principles involved in this appeal.

This issue is an issue of first impression in this state. According to our research, there has not been a case dealing with the discharge by a subsequent employer of an employee who filed a workers' compensation claim against a previous employer. Other states, however, have ruled on this question.

In *Nelson Steel Corp. v. McDaniel*, 898 S.W.2d 66 (Ky. 1995), the Kentucky Supreme Court faced an issue where an employee claimed that his current employer had discharged him due to workers' compensation claims filed while employed by a previous employer. The current employer countered that the employee was an at-will-employee and was laid off because of a reduction in work load and work availability. A provision in Kentucky's Workers Compensation Act provided in part, "(1) No employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter," and also provided a cause of action to the employee for such actions. KRS § 342.197(1) & (3). The court stated that the narrow issue to be decided in the case was whether a valid workers' compensation claim against a previous employer could trigger a cause of action for such treatment of the worker by a subsequent employer. After citing *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730 (Ky. 1983), the seminal case in Kentucky for the exception to the terminable-at-will doctrine, the Kentucky Supreme Court decided that there was no basis to extend the cause of action to discharges by subsequent employers. In a four to three opinion (Stumbo, J. dissenting), the court concluded that while the *Firestone* case prohibited an employer from punishing a worker for seeking workers' compensation benefits from that employer, rising workers' compensation insurance rates furnished a legitimate economic reason to fire an employee who had applied for workers' compensation while working for a prior employer.

The Oklahoma Court of Appeals faced a similar question in *Taylor v. Cache Creek Nursing Center*, 891 P.2d 607 (Okla.1994) but reached a different result. In *Taylor*, the employee injured herself in January of 1989 while lifting a patient at the nursing home where she worked. She filed a workers' compensation claim as a result of this injury. Cache Creek purchased the nursing home in April of 1990 and rehired the worker, along with most of the other workers. In July of 1990, the worker's doctor put her on a two week leave. Upon her return to work, her supervisor discharged her. The pertinent statute at 85 O.S. 1991 § 5 stated, "A. No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted in good faith, any proceeding under the provisions of this title . . . ." At the trial court level, Cache Creek won on a motion for summary judgment because the worker never filed a workers' compensation claim against Cache Creek. *Taylor*, 891 P.2d at 609. The Oklahoma Court of Appeals stated that the worker was definitely an employee who was terminable-at-will, but an exception to that rule exists when the termination violates a clear public policy mandate. The right of a worker to file a workers' compensation claim is one such mandate in the state of Oklahoma under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989). The court stated:

> The clear intent of the Retaliatory Discharge Act is "to prohibit discrimination against employees who either initiated or participated in workers compensation

proceedings." *Ingram v. Oneok, Inc.*, 775 P.2d 810, 811 (Okla. 1989).  Exempting subsequent employers from the statute would allow them to defeat the Legislature's intent by firing or threatening to fire workers who had exercised their statutory rights.  Additionally, such an exemption could readily discourage employees from exercising those rights.  Therefore, we hold 85 O.S. Supp. 1993 § 5 does apply to successor business employers.

*Taylor*, 891 P.2d at 610.  However, due to the fact that the worker could not sufficiently prove that her firing was "significantly motivated" by her workers' compensation claim, the final prong of a four prong test,[1] the court refused to reverse the trial court's decision.

The Michigan Court of Appeals also faced this question in *Goins v. Ford Motor Co.*, 347 N.W.2d 184 (1983).  The employee in *Goins*, applied to several of Ford's plants for work.  He was eventually hired at its Woodhaven plant.  As part of the application process, he was asked whether he had previously filed a state compensation claim due to industrial accident or disease on a medical history form.  He answered no at every plant except the Woodhaven plant.  The employee had in fact been injured while working for General Motors Corporation and had received workers' compensation benefits for that injury.  The employee claimed that he did inform his supervisor of this injury and a pending third party negligence suit in his interview.  Upon his return to the Woodhaven plant from his negligence lawsuit against GMC, the employee was fired.  He was told that a computer error that he caused and his falsification on the medical form were the reasons for his dismissal.  The employee sued and the jury awarded him $450,000 in damages based on his retaliatory discharge for previous workers' compensation claim.  The Michigan Court of Appeals held that it was "contrary to public policy for an employer to discharge an employee in retaliation for filing a workers' compensation claim." *Goins*, 347 N.W.2d at 189.  The court then stated that, "[t]he public policy extends to situations such as this where the employee argues an unlawful or retaliatory discharge because he or she filed a workers' compensation claim against any employer, including a previous employer."[2] *Id.*

The Appellate Court of Illinois faced this issue in *Darnell v. Impact Industries, Inc.*, 457 N.E.2d 125 (1983).  Ms. Norma Darnell, the employee in *Darnell,* had worked for Impact Industries, Inc. ("Impact") for one day when she was fired.  Impact learned from another employee that Ms. Darnell had filed a workers' compensation claim with her previous employer.  On her application

---

[1]Under *Buckner v. General Motors Corp.*, 760 P.2d 803 (Okla. 1988) the four prongs required to prove a retaliatory discharge claim are: (1) employment; (2) an on-the-job injury; (3) medical treatment putting the employer on notice or the good-faith start of workers' compensation proceedings; and (4) consequent termination of employment. *Taylor*, 891 P.2d at 610.

[2]We are mindful that subsequent opinions of the Michigan Court of Appeals have been critical of the *Goins* opinion, but the criticisms have not focused on the question under discussion here, but rather on the court's classification of a retaliatory discharge claim as one sounding in tort, rather than in contract. *See Mourad v. Automobile Club Ins. Ass'n*, 465 N.W.2d 395 (1991); *Lopus v. L & L Shop-Rite, Inc.*, 430 N.W.2d 757 (1988); *Watassek v. Michigan Dept. of Public Health*, 372 N.W.2d 617 (1985).

form with Impact, Darnell stated she had neither had a serious injury or illness in the past five years nor had received compensation for an injury. When questioned about her prior claim, she told Impact that her illnesses were not serious and that she had dismissed her compensation claim against her previous employer and had not been compensated. At trial, Impact moved for a directed verdict after Darnell had presented her proof. The trial court granted Impact's motion for a directed verdict. Upon appeal, the Appellate Court of Illinois spelled out the principles behind the Illinois tort of retaliatory discharge. However, the court clearly stated that it was not making a determination upon whether a cause of action is present in this situation. Instead, the court reversed the trial court's decision stating it was a factual determination to be made by a jury.

Tennessee's retaliatory discharge exception to the terminable-at-will doctrine was created in *Clanton v. Cain-Sloan*, 677 S.W.2d 441 (Tenn. 1984). In *Clanton*, our Supreme Court held that a retaliatory discharge was a "device" under Tenn. Code Ann. § 50-6-114 to allow an employer to get out of paying workers' compensation benefits. Tenn. Code Ann. § 50-6-114(a) states, "No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this chapter . . . ." Therefore, retaliatory discharge became an exception to the terminable-at-will doctrine in Tennessee.

In reaching this conclusion, our Supreme Court relied upon the intention of the Workers' Compensation Act, "a comprehensive scheme enacted to provide a certain and expeditious remedy for injured employees. It reflects a careful balancing of the interests of employer and employee." *Clanton*, 677 S.W.2d at 444. The Tennessee Supreme Court also stated that retaliatory discharges circumvent the legislative scheme. When referring to Tenn. Code Ann. § 50-6-114, the Court stated that the section was entitled to "liberal and equitable construction" so as to realize the intention of Tennessee's Workers' Compensation Act. The Court stated:

> In our opinion, a cause of action for retaliatory discharge although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature. A statute need not expressly state what is necessarily implied in order to render it effectual.

*Id*. at 445.

Tennessee's retaliatory discharge tort is similar to that of the states involved in the cases above. In the majority of the states that have faced this issue, there is a clear tendency to allow a cause of action for retaliatory discharge when the employer is a subsequent employer. We think a retaliatory discharge claim against a subsequent employer fulfills all three necessities listed above by our Supreme Court: that such a claim is (1) necessary to enforce the duty of the employer; (2) to secure the rights of the employee; and (3) to carry out the intention of the legislature. *Clanton*, 667 S.W.2d at 445. Such a cause of action is clearly supported by both the Workers' Compensation Act and public policy.

Our Supreme Court listed the elements necessary to establish a prima facie case for retaliatory discharge in *Anderson v. Standard Register Co.*, 857 S.W.2d 555 (Tenn. 1993). Our Supreme Court stated:

> [T]he following elements are found to establish a cause of action for discharge in retaliation for asserting a workers' compensation claim: (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

*Anderson*, 857 S.W.2d at 558. Clearly, at least two of these factors would not apply to a retaliatory discharge by a subsequent employer. However, we believe that a cause of action would exist in this case under the last two requirements.[3]

The plaintiffs from the other states were unable to succeed on their claims largely because of issues of proof that the firing was directly connected to the employee's previous workers' compensation claim. In this case, under the current state of the record, the allegation that Mr. Hayes' firing was directly related to his previous workers' compensation claim must be taken as true.

For these reasons, we believe that Appellees are not entitled to a judgment as a matter of law. A cause of action for retaliatory discharge does exist in this situation. We, therefore, reverse the decision of the trial court and remand for proceedings consistent with this opinion. Tax the costs of this appeal to the appellee, ACS.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

---

[3]We are aware of the opinion of this court in *Moore v. Averitt Express, Inc., et al.*, No. M2001-02502-COA-R3-CV (filed in Nashville October 11, 2002) where the court said that the dismissal must result from actions taken by the employee while in the employ of the defendant who makes the retaliatory discharge. That case, however, involved a discharge for reporting illegal activity while working for another employer. We think the policy reasons supporting a cause of action for retaliatory discharge in the two cases are different. As the court said in *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984), a cause of action for retaliatory discharge is necessary to preserve the personal rights of workers in workers' compensation benefits. A cause of action for being fired for refusing to remain silent about illegal activities is to protect the public interest. *Mason v. Seaton*, 942 S.W.2d 470 (Tenn. 1997). The employee's interest in the workers' compensation benefits is a present interest that can only be protected by making sure a worker will not be penalized for making a claim. In our opinion this right is entitled to protection, even from a threat based on prior claims.