880 So.2d 1244 (2004)
James W. BRUNER, Appellant,
v.
GC-GW, INC., d/b/a Jackson-Cook, Appellee.
No. 1D03-3775.
District Court of Appeal of Florida, First District.
August 30, 2004.
*1245 Scott T. Manion; Vernon T. Grizzard; Albert Thorburn, Tallahassee; Mark L. Zientz, of the Law Office of Mark L. Zientz, P.A., for Florida Worker's Advocates, Miami; Richard E. Johnson, for National Employment Lawyers Association, Florida Chapter, Tallahassee, for Appellant.
Michael C. Rayboun, of Whibbs & Whibbs, P.A., Pensacola; Mary Ann Stiles, of Stiles, Taylor & Grace, P.A., for Associated Industries of Florida, Inc., Atlanta, for Appellee.
LEWIS, J.
Appellant, James W. Bruner, seeks review of the trial court's Final Summary Judgment in which the court found that section 440.205, Florida Statutes, does not provide for a civil cause of action for an employee who is discharged by his or her employer for having filed a workers' compensation claim against a previous employer. Appellant first argues that the plain language of section 440.205 provides for such a cause of action. In his second argument, appellant argues that, if section 440.205 is ambiguous with respect to the issue on appeal, legislative intent and public policy support such a cause of action. Concluding that section 440.205 provides for a civil cause of action when an employer discharges an employee for having filed a workers' compensation claim against a previous employer, we reverse the Final Summary Judgment and remand for further proceedings.
As set forth in the trial court's Final Summary Judgment, appellant sustained a compensable workers' compensation injury while employed with Ceco Corporation, his previous employer. Appellant subsequently became employed with appellee, GC-GW, Inc., d/b/a Jackson-Cook. However, shortly after hiring appellant, appellee discharged him because he was a "W/C Risk" due to his having filed a workers' compensation claim against Ceco Corporation.[1] Appellant subsequently filed suit against appellee pursuant to section 440.205, Florida Statutes, alleging that appellee wrongfully discharged him based upon his previous workers' compensation claim. After filing its answer, appellee filed a motion for final summary judgment, asserting that section 440.205 does not provide for such a cause of action. In its Final Summary Judgment, the trial court agreed with appellee that appellant had no right of action against appellee pursuant to section 440.205. In noting that this is a case of first impression in Florida, the trial court *1246 found that appellee, as the subsequent employer, had done nothing to hinder, thwart, or prohibit appellant from obtaining benefits flowing from his previous compensable injury. According to the court, appellant's interpretation of section 440.205 belied the historical and primary purpose of chapter 440, Florida Statutes, and its effort to insure that employers and carriers comply with their responsibility to provide compensation to workers injured on the job. The court granted appellee's motion for final summary judgment, finding that there was no legislative evidence or case authority to support appellant's expansive interpretation. Appellant subsequently moved for rehearing as to the Final Summary Judgment and provided the trial court with five cases from foreign jurisdictions that addressed the issue at hand. In its Order on Rehearing, the court found that none of the cases were binding precedent and that an important public policy would be advanced by a ruling for either party. In noting that it was constrained from recognizing or creating a new cause of action, the court denied appellant's motion for rehearing. This appeal followed.
Pursuant to section 440.205, Florida Statutes (2000), "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." The supreme court has held that this statute, which the Legislature enacted in 1979, "creates a statutory cause of action for a wrongful discharge in retaliation for an employee's pursuit of a workers' compensation claim...." Smith v. Piezo Tech. & Prof'l Adm'rs, 427 So.2d 182, 183 (Fla. 1983). According to the court, "because the legislature enacted a statute that clearly imposes a duty and because the intent of the section is to preclude retaliatory discharge, the statute confers by implication every particular power necessary to insure the performance of that duty." Id. at 184; see also Scott v. Otis Elevator Co., 572 So.2d 902, 903 (Fla.1990) (holding that an employer who violates section 440.205 commits an intentional tort, thereby exposing itself to liability for damages for emotional distress because "[s]ection 440.205 reflects the public policy that an employee shall not be discharged for filing or threatening to file a workers' compensation claim").
It is well established that the construction of a statute is a question of law reviewable de novo. Dixon v. City of Jacksonville, 774 So.2d 763, 765 (Fla. 1st DCA 2000). Legislative intent is the polestar that guides this Court's statutory construction analysis. See State v. J.M., 824 So.2d 105, 110 (Fla.2002) (citation omitted). In construing a statute, this Court must look to the statute's plain language. See Fla. Dep't of Educ. v. Cooper, 858 So.2d 394, 395 (Fla. 1st DCA 2003); Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318, 328-29 (Fla. 1st DCA 2002); see also State v. Rife, 789 So.2d 288, 292 (Fla.2001) (noting that legislative intent is determined primarily from the language of a statute). Where the language of a statute is clear and unambiguous, it must be given its plain and ordinary meaning. Cooper, 858 So.2d at 395 (citations omitted). Where a statute is ambiguous, courts may then resort to the rules of statutory construction. BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003). A statute that is in derogation of the common law must be construed narrowly. Superior Brands, Inc. v. Rogers, 646 So.2d 257, 258 (Fla. 1st DCA 1994). However, remedial statutes should be liberally construed in favor of granting access to the remedy provided by the Legislature. Golf Channel v. Jenkins, 752 So.2d 561, 565-66 (Fla. 2000) (holding that any ambiguities in *1247 paragraph 448.103(1)(c), a section of the Whistleblowers Act which was remedial in nature, should be liberally construed in favor of granting access to the remedy provided by the Legislature); see also Broward v. Jacksonville Med. Ctr., 690 So.2d 589, 591 (Fla.1997) ("Florida's workers' compensation laws are remedial in nature....").
Appellee would have us construe section 440.205 as providing for a civil cause of action only as to an employer against whom a workers' compensation claim is filed. However, to read the statute in such a way, especially given the language, "no employer," would be to add restrictive language to the statute, which is something that we are not at liberty to do. See Hayes v. State, 750 So.2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature."). We, therefore, conclude that section 440.205, which is clear and unambiguous, provides for a civil cause of action against an employer who discharges an employee for having filed a workers' compensation claim against a previous employer.
We note, however, that even if we were to find section 440.205 ambiguous with respect to the issue at hand, legislative intent and public policy would still lead us to the same result. In support of its argument that the intent of chapter 440 supports its interpretation of section 440.205, appellee contends that section 440.105(2)(a)2., Florida Statutes (2000), reveals the limitations of section 440.205. Section 440.105(2)(a)2., which the Legislature enacted in 1993, declares it unlawful for an employer to knowingly "[d]ischarge or refuse to hire an employee or job applicant because the employee or applicant has filed a claim for benefits under this chapter."[2] As appellee contends, the language "refusal to hire" clearly anticipates a claim filed against a previous employer. According to appellee, the Legislature's choice of language in section 440.105(2)(a)2. indicates that the Legislature knows how to deal with employers who discharge an employee for having filed a past claim or employers who refuse to hire a job applicant for having filed a past claim. Appellee concludes then that, because the Legislature did not amend section 440.205 at the time it enacted section 440.105(2)(a)2., the Legislature did not intend for there to be a civil cause of action against an employer who discharges an employee for having filed a workers' compensation claim against a previous employer. We do not find appellee's argument persuasive.
Had this case presented the issue of whether a civil cause of action exists against an employer who refuses to hire a job applicant for having filed a workers' compensation claim against a previous employer, appellee's argument would have merit. However, that is not the issue presented here. Furthermore, simply because the Legislature did not provide for a civil cause of action for refusal to hire in this context does not mean that the Legislature did not intend for there to be a civil cause of action against an employer who discharges an employee for having filed a past workers' compensation claim.
We find that section 440.205 is not only intended to punish employers who discharge an employee for having filed a *1248 workers' compensation claim but is also intended to insure that employees do not have to fear reprisal from their employers when they file a workers' compensation claim. Interpreting section 440.205 as appellee would have us do would have a chilling effect on an employee's decision to file a meritorious workers' compensation claim for fear of being discharged from a subsequent position merely because that employee filed a claim against a previous employer. Moreover, contrary to appellee's suggestion during oral argument, interpreting section 440.205 as providing for a civil cause of action against employers who discharge employees for having filed a workers' compensation claim against a previous employer would not serve to encourage employees to file workers' compensation claims. Rather, such an interpretation is consistent with what we find to be the legislative intent and public policy concerns behind section 440.205. The Florida Legislature intends that injured workers receive the prompt delivery of benefits and that the workers' compensation system be efficient. See § 440.015, Fla. Stat. (2000). The Legislature also intends that a worker's return to gainful reemployment be facilitated. See id. Yet, if an injured employee is unable to return to his or her job because of his or her limitations and then is discharged from his or her subsequent job because of having filed or having attempted to file a claim at the previous job, this public policy would be frustrated. We are not alone in this view. While no Florida court has yet addressed this issue, other jurisdictions have done so.
For instance, in Taylor v. Cache Creek Nursing Centers, 891 P.2d 607, 609 (Okla. Ct.App.1994), the employee appealed the trial court's denial of her motion for new trial following the trial court's grant of summary judgment in favor of the subsequent employer. The employee, who had worked as a medication assistant at Mayflower Nursing Home, filed a workers' compensation claim after suffering an injury. Id. After the employee returned to work with certain restrictions, the subsequent employer purchased the nursing home and rehired the employee. Id. After the employee took a two-week leave from work, the employer discharged the employee. Id. The circumstances surrounding the discharge were in dispute. Id. at 609 n. 2. The employee then sued the employer, relying on title 85, sections 5 and 6 of the Oklahoma Statutes (Supp. 1993),[3] and the trial court subsequently granted the employer's summary judgment motion. Id. The Oklahoma Court of Appeals noted that an exception to the employment-at-will doctrine exists where termination violates a clear public policy mandate that is expressed by constitutional, statutory, or decisional law; one such exception exists when a worker exercises the right to file a workers' compensation claim. Id. The court also noted that the question of whether such a right applies against a successor employer and not just the employer against whom the claim was filed had not previously been addressed in *1249 the state. Id. at 610. The court explained:
The clear intent of the Retaliatory Discharge Act is "to prohibit discrimination against employees who either initiated or participated in workers' compensation proceedings." Ingram v. Oneok, Inc., 775 P.2d 810, 811 (Okla.1989). Exempting subsequent employers from the statute would allow them to defeat the Legislature's intent by firing or threatening to fire workers who had exercised their statutory rights. Additionally, such an exemption could readily discourage employees from exercising those rights. Therefore, we hold 85 O.S.Supp.1993 § 5 does apply to successor business employers.
Id. Nevertheless, the court affirmed the trial court's order because the employee failed to show that her termination was significantly motivated by retaliation for filing a claim. Id. According to the court, there was no evidence, for example, showing a pattern of termination of workers who filed claims or of pressure put on workers not to file claims. Id. The court also noted that the employee did not allege that her supervisor or other employer representative referred to the claim when firing her. Id. Similarly, in Darnell v. Impact Industries, Inc., 105 Ill.2d 158, 85 Ill.Dec. 336, 473 N.E.2d 935, 936 (1984), the employee appealed from a judgment entered upon a verdict directed in favor of the employer. Prior to being hired by the employer, the employee answered "no" to the questions of whether she had ever had a serious illness or injury in the past five years and whether she had received compensation for injuries. Id. After beginning work, the employer learned that the employee had sustained injuries at her previous job and had filed a workers' compensation claim. Id. After the employee informed her current employer that, while she had filed a claim, she had dismissed it and had not received any compensation payments, the employer discharged her. Id. The Illinois Supreme Court agreed with the employee that the evil resulting from the discharge of an employee for having filed a workers' compensation claim against a prior employer is as great as if the discharge had been effected by the prior employer. Id., 85 Ill.Dec. 336, 473 N.E.2d at 937. The court perceived no distinction between the situation where an employee is discharged for filing a workers' compensation claim against a defendant employer and one where the employer discharges the employee upon discovering that the employee had filed a claim against another employer. Id. The court explained, "To hold that the tort of retaliatory discharge requires that the workers' compensation claim be made against the discharging employer would seriously undermine the comprehensive statutory scheme which provides `for efficient and expeditious remedies for injured employees.'" Id. (quoting Kelsay v. Motorola, Inc., 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353, 357 (1978)). The court affirmed the appellate court's opinion reversing the trial court's judgment directing a verdict in favor of the employer. See Darnell, 85 Ill.Dec. 336, 473 N.E.2d at 937; see also Hayes v. Computer Scis. Corp., 2003 WL 113457, at *1-*5 (Tenn. Ct.App. Jan.14, 2003) (holding that a civil cause of action exists in a situation where a subsequent employer discharges an employee because of the employee having filed a workers' compensation claim against a previous employer); Goins v. Ford Motor Co., 131 Mich.App. 185, 347 N.W.2d 184, 186-87 (1983) (holding that it is contrary to public policy for an employer to discharge an employee in retaliation for filing a workers' compensation claim and finding that there is no reason to limit such a rule to employers who fire employees *1250 who filed claims against them rather than against previous employers), abrogated on other grounds as recognized in Kirkland v. Diecast Corp., 1998 WL 2016629, at *2 (Mich.Ct.App. Mar.3, 1998).
In contrast, the Kentucky Supreme Court, in a narrow 4-3 decision, held that section 342.197(1) of the Kentucky Revised Statutes, which provides that "[n]o employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter," did not expand the cause of action for wrongful discharge for exercise of workers' compensation rights beyond the retaliatory discharge situation. See Nelson Steel Corp. v. McDaniel, 898 S.W.2d 66, 69 (Ky.1995). There, the employee filed suit against the employer, alleging that the employer had discharged him because he had filed a workers' compensation claim while working for a previous employer. Id. at 66. In noting that the employee had presented persuasive evidence that the reason the employer discharged him was because of its belief that the previous workers' compensation claim would adversely affect its workers' compensation rates, the court found the termination had been for economic reasons and was not retaliatory in nature. Id. at 68. In finding such, the court noted that its previous opinion in Grzyb v. Evans, 700 S.W.2d 399 (Ky.1985), specified a clear intent on its part to limit employees' claims for wrongful discharge to those situations where the evidence established that an employer was retaliating against an employee for exercising a right conferred by a well-established legislative enactment or for refusing to violate the constitution or a statute. Id. at 69. The court further found that nothing in section 342.197(1) specified a legislative policy that employers may not discharge an employee when the motive is purely economic rather than retaliatory in nature. Id.
Although appellee urges us to find Nelson persuasive, we find little distinction between discharging an employee who filed a workers' compensation claim against a previous employer in order to retaliate against the employee and discharging an employee because of the concern that the previous workers' compensation claim may have a negative impact upon workers' compensation insurance rates. See Allan v. SWF Gulf Coast, Inc., 535 So.2d 638, 639 (Fla. 1st DCA 1988) (noting that, while section 440.205 has been characterized as a retaliatory discharge provision, a specific retaliatory intent is not required by the express statutory language); see also Humphrey v. Sears, Roebuck, & Co., 192 F.Supp.2d 1371, 1374 (S.D.Fla.2002) (holding that in order to establish a prima facie case of retaliatory discharge under section 440.205, a plaintiff must show that he or she engaged in statutorily protected activity, i.e., filing a workers' compensation claim, that an adverse employment action, such as discharge, occurred, and that the adverse action was causally related to the plaintiff's protected activities). In either case, the underlying reason for discharge is the employee's previous workers' compensation claim, which is contrary to Florida's public policy. Thus, appellee's reliance on Nelson is misplaced.[4]
Notably, Associated Industries of Florida, as amicus curiae, relies upon the Florida Civil Rights Act ("the Act") in support *1251 of its argument that we should not interpret section 440.205 as providing for a civil cause of action for employees who are discharged because of having filed a workers' compensation claim against a previous employer and argues that the Act governs conduct by an employer based upon the status of an employee rather than any action or conduct engaged in by the employee while working for a prior employer. However, Associated Industries' reliance on the Act is misplaced, and its argument is meritless. Section 760.10(1)(a), Florida Statutes (2000), makes it an unlawful employment practice for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual ... because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." As Associated Industries explains, this statute was patterned after Title VII, and federal case law may be applied in interpreting it. See King v. Auto, Truck, Indus. Parts & Supply, Inc., 21 F.Supp.2d 1370, 1375 n. 4 (N.D.Fla.1998) (holding that federal case law dealing with Title VII applies to the Act). Significantly, in McMenemy v. City of Rochester, 241 F.3d 279, 284 (2d Cir.2001), the Second Circuit Court of Appeals held that Title VII "protects any employee from any employer, present or future, who retaliates against him because of his prior or ongoing opposition to an unlawful employment practice or participation in Title VII proceedings." In doing so, the court referred to the Equal Employment Opportunity Commission's interpretation regarding Title VII:
An individual is protected against retaliation for participation in employment discrimination proceedings even if those proceedings involved a different entity. For example, a violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer.
Id. at 283-84 (quoting EEOC Compliance Manual § 8-II(C)(4) (Dec. 5, 2000)); see also Skillsky v. Lucky Stores, Inc., 893 F.2d 1088, 1094 (9th Cir.1990) (holding that section 6310(a) of the California Occupational Safety and Health Act of 1973, which provides that "[n]o person shall discharge or in any manner discriminate against any employee because such employee has either (1) made any oral or written complaint ... or (2) instituted or caused to be instituted any proceeding under or relating to his rights ...," does not limit legal actions to only those employers against whom complaints are filed because employers could circumvent an employee's right to file a complaint and employees would hesitate to file health and safety complaints if they knew they would face the risk of not finding future employment).
Nor would, as Associated Industries contends, our interpretation lead to the creation of a protected class of employees based solely on the employees' prior accident history. As the Third District has held, section 440.205 cannot be interpreted to prohibit the discharge of an employee for any reason once the employee has filed or pursued a workers' compensation claim. See Pericich v. Climatrol, Inc., 523 So.2d 684, 685 (Fla. 3d DCA 1988). Likewise, section 440.205 does not prohibit the discharge of an employee for any reason simply because that employee filed a workers' compensation claim against a previous employer. In both instances, an employee must still prove that he or she was discharged from employment by reason of his or her valid workers' compensation claim.
Accordingly, because section 440.205 clearly provides for a civil cause of action against an employer who discharges an employee for having filed a workers' compensation claim against a previous employer, we REVERSE the trial court's Final Summary Judgment and REMAND for further proceedings.
*1252 WOLF, C.J., specially concurs with written opinion; KAHN, J., dissents with written opinion.
WOLF, C.J., Concurring.
I concur fully in the excellent opinion of Judge Lewis. I write to note the scope of our decision today. We have determined that a cause of action exists under section 440.205, Florida Statutes, when a subsequent employer discharges an employee and the discharge is substantially based on the filing of a prior valid workers' compensation claim. See Allan v. SWF Gulf Coast, Inc., 535 So.2d 638, 639 (Fla. 1st DCA 1988) (approving jury instruction which stated that the issue to be determined was "whether the desire to retaliate was a substantial factor in appellant's discharge."). In this case there was direct evidence of causation. Therefore, this decision does not address the sufficiency of indirect evidence which may entitle a plaintiff to have his case decided by a jury, nor do I necessarily concur in the holding of Silvers v. Timothy J. O'Donnell Corp., 751 So.2d 747 (Fla. 5th DCA 2000), as characterized by Judge Kahn in the dissent.
KAHN, J., dissenting.
Judge Lewis has prepared an excellent opinion that fairly reviews cases from other states on the question presented here, for the first time, under Florida law. I respectfully dissent because I am not confident that my understanding of Florida's public policy concerning workers' compensation claims is as clear as is the majority's. Even assuming the correctness of the majority's characterization of Florida's public policy, I am not persuaded that the Legislature has created a cause of action for discharge by a subsequent employer. Further, and again assuming the correctness of the majority's characterization of Florida's public policy, the remedy crafted today has a gaping hole.
As the majority acknowledges, Florida apparently does not recognize a civil cause of action against a subsequent employer who refuses to hire a job applicant for having filed a workers' compensation claim against a previous employer. Slip Op. 7. This concession by the majority is necessary because our Legislature certainly knows how to penalize refusal to hire, and has done so in section 440.105, Florida Statutes, a law purporting to criminalize (but not provide civil liability for) the act of "[d]ischarg[ing] or refus[ing] to hire an employee or job applicant because the employee or applicant has filed a claim for benefits under this chapter." § 440.105(2)(a)2., Fla. Stat. (2002). Although refusal to hire would certainly violate the same public policy identified by the majority, it would not subject an employer to a civil cause of action.
Given this admitted bit of confusion, I would read section 440.205 narrowly, as in derogation of the common law. I would also read the section narrowly because it interferes with Florida's doctrine of at-will employment, and with the general freedom of contract exercised by employers and employees regularly. I would read the statute as simply prohibiting retaliation by an employer who has actually been subjected to a valid workers' compensation claim by the employee in question. Indeed, and having read the out-of-state case law relied upon by the majority, I am at a loss to understand how the concept of retaliatory discharge applies to an employer against who no claim has ever been made by the employee. It is almost as if we would have to assume some vast conspiratorial urge on the part of employers, and I am not willing to go that far. If the argument for a cause of action against a subsequent employer has merit, then that argument should be memorialized by the Legislature.
*1253 I also find myself unable to escape the conclusion that today's construction will give a cause of action in favor of any employee who has ever filed a workers' compensation claim, and that such claim may arise against any subsequent employer forever. The majority acknowledges that retaliatory intent is not required by the statutory language. Moreover, it appears, at least under some decisions, that an employee may obtain a jury determination by proving the protected activity, the discharge, and presenting circumstantial evidence that the employer knew that the employee had made a workers' compensation claim. See Silvers v. Timothy J. O'Donnell Corp., 751 So.2d 747 (Fla. 5th DCA 2000). The facts alleged in the present case, as briefly recited in the complaint, may be compelling. Nevertheless, these facts are not particularly relevant to the result reached today because we are construing a statute, without regard to the facts of a particular case. I would affirm the final judgment in favor of appellee.
NOTES
[1] In his complaint, appellant alleged that, after being discharged, he applied to the Florida Department of Health and Rehabilitative Services for food stamps. The agency requested that appellee, as appellant's former employer, fill out a certain form. According to appellant, appellee's then-president wrote, "W/C Risk-File Open on W/C Claim" next to the reason for termination.
[2] This statute took effect on January 1, 1994. See Ch. 93-415, § 112, at 215, Laws of Fla. When enacted, a violation of this section constituted a second-degree misdemeanor. See § 440.105(2)(a)2., Fla. Stat. (Supp.1994). In 2003, the Legislature amended this section, declaring that a violation now constitutes a first-degree misdemeanor. See Ch. 03-412, § 11, at 3882, Laws of Fla.
[3] Title 85, section 5 of the Oklahoma Statutes (Supp.1993), provides:

A. No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted in good faith, any proceeding under the provisions of this title....
B. No employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.
Section 6 prescribes the applicable penalties such as reinstatement and monetary damages.
[4] See Jeffrey K. Neiheisel, Nelson Steel Corp. v. McDaniel: Discrimination Against Employees Who Have Filed Workers' Compensation Claims Against Previous Employers, 23 N. Ky. L.Rev. 435, 449 (1996) (asserting that the Kentucky Supreme Court made several errors such as implying that there is a difference between a retaliatory motive and an economic motive because the result of the termination was to punish the employee for simply exercising his rights under the law).