[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10331 & 16-10917

_____

D.C. Docket No. 8:14-cv-00913-JDW-EAJ


TIMOTHY R. JUBACK,
an individual,

                                                    Plaintiff - Appellant,

versus

MICHAELS STORES, INC.,

                                                    Defendant - Appellee.


_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 15, 2017)

Before JORDAN and JULIE CARNES, Circuit Judges, and VINSON,[*] District
Judge.

---

[*] The Honorable C. Roger Vinson, United States District Judge for the Northern District
of Florida, sitting by designation.

PER CURIAM:

Timothy Juback sued his former employer, Michaels Stores, Inc., claiming that Michaels terminated him because he filed a workers' compensation claim. Mr. Juback asserted claims under the Florida Workers' Compensation Law, Fla. Stat. § 440.01, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Fla. Stat. § 760.10, *et seq.*, as well as under state common law. Mr. Juback now appeals the district court's order granting in part Michaels' motion for summary judgment and order denying his motion for reconsideration.

Upon review of the parties' briefs, the record, and with the benefit of oral argument, we affirm. Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.[1]

We review an order granting summary judgment *de novo* and apply the same legal standards as the district court. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See id*. "In examining the record, we view the evidence in the light

---

[1] We address only Mr. Juback's retaliation claim under the Florida Workers' Compensation Law. As to all other issues on appeal, we affirm without further discussion.

most favorable to the non-moving party." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

Florida law prohibits an employer from retaliating against an employee for filing or attempting to file a valid workers' compensation claim, *see* Fla. Stat. § 440.205, and provides a statutory cause of action for employees who claim unlawful termination. *See Smith v. Piezo Tech. & Prof'l Adm'rs,* 427 So. 2d 182, 183 (Fla. 1983). To establish a claim under § 440.205, the employee must prove that (1) he or she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action and the protected activity were causally related. *See, e.g.*, *Hornfischer v. Manatee Cty. Sheriff's Office*, 136 So. 3d 703, 706 (Fla. 2d DCA 2014); *Andrews v. Direct Mail Exp., Inc.*, 1 So. 3d 1192, 1193 (Fla. 5th DCA 2009). Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to present a legitimate reason for its conduct. *See Hornfischer*, 136 So. 3d at 706. If the employer does so, the plaintiff then bears the burden of proving by a preponderance of the evidence that the defendant's proffered reason was merely a pretext for the prohibited, retaliatory decision. *See Andrews*, 1 So. 3d at 1193–94.

Mr. Juback first argues that the district court applied the wrong standard by requiring him to "demonstrate that Michaels did not truly rely on the proffered non-discriminatory reasons." *See* D.E. 99 at 17. Mr. Juback says that he only

3

needed to show that his attempt at obtaining workers' compensation benefits was a "substantial factor" in Michaels' termination decision. *See* Appellant's Br. at 26. It appears, however, that the district court, rather than stating the applicable standard, was intending to explain that attacking the fairness of Michaels' decision would be insufficient to show pretext. The district court cited and quoted a portion of *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354 (11th Cir. 1999), suggesting as much.

We agree, nevertheless, that § 440.205 does not require a plaintiff to ultimately prove that his pursuit of workers' compensation was the employer's only basis for termination. *See Hornfischer*, 136 So. 3d at 706; *Allan v. SWF Gulf Coast, Inc.*, 535 So. 2d 638, 639 (Fla. 1st DCA 1988). The district court recognized this as well. Although some Florida courts suggest that the plaintiff must only prove that his pursuit of workers' compensation was one of its bases for termination, *see Hornfischer*, 136 So. 3d at 706, others have suggested that the plaintiff must show that his filing of a workers' compensation claim was a "substantial factor" in the employer's termination decision. *See Ortega v. Eng'g Sys. Tech., Inc.*, 30 So. 3d 525, 529–30 (Fla. 3d DCA 2010) (stating that "[u]ltimately, the plaintiff bears the burden that a violation of the statute occurred and that such violation was a substantial factor in the employer's decision . . . ."). *See also Hubbard v. City of Boca Raton*, 839 So. 2d 747, 748 (Fla. 4th DCA 2003)

4

(reversing the trial court's grant of an employer's motion for summary judgment because the employer failed to conclusively demonstrate that the plaintiff's workers' compensation claims "were not a substantial factor" in the company's termination decision); *Allan*, 535 So. 2d at 639 (approving of jury instruction that required the jury to determine whether the desire to retaliate was a substantial factor in the employer's decision to terminate the plaintiff).

Based on the record before us, and assuming that Mr. Juback established a prima facie case of retaliatory discharge, he failed to provide sufficient evidence to allow a jury to find that the reasons articulated by Michaels for terminating him were pretextual. The evidence shows that Michaels came to its decision to terminate Mr. Juback after a series of disciplinary actions resulting from his pattern of "questionable judgment calls" and violations of company policies. Specifically, Michaels decided to terminate Mr. Juback after determining the extent of his involvement in selling nutritional supplements for Zija International and recruiting Michaels employees for that endeavor, and learning that Mr. Juback had established his own consulting firm and attempted to establish a business relationship with one of Michaels' third-party vendors for that venture.

Mr. Juback argues that the reasons for his termination were discovered before his injury, and because Michaels decided to terminate him only after he filed his workers' compensation claim, there is evidence that Michaels' proffered

reasons are pretextual. Mr. Juback is correct that Michaels did not terminate him before his injury even though it had contemplated his termination because of concerns about his performance. Before Mr. Juback's injury, Michaels was concerned about his management skills, use of company funds, and failure to follow company policies. This resulted in Michaels issuing its first Final Written Warning to Mr. Juback. Not long after, Michaels decided to issue a second Final Written Warning because it was troubled by Mr. Juback's preoccupation with marketing Zija products while at work and the complaints it was receiving about the pressure other employees were feeling to purchase Zija products from Mr. Juback. So, when Mr. Juback suffered his injury in September of 2013, he already had two strikes against him.

Mr. Juback fails to recognize that it was the *additional* information Michaels obtained after his injury, in conjunction with the prior concerns, that prompted his termination. While discussing his second Final Written Warning, Mr. Juback's direct supervisor found out that Mr. Juback had recruited "10+ [Michaels] associates" as customers or distributors for Zija. And, a short time after Michaels informed Mr. Juback that his job was in jeopardy, he reached out to a third-party vendor to solicit business for his personal venture and seek job opportunities. Michaels received notice of the meeting between Mr. Juback and the vendor

through an unsolicited call from the vendor, who reached out because he felt "uncomfortable" and thought there could be a "conflict of interest."

Mr. Juback's efforts to show pretext are unpersuasive.  Mr. Juback contests the sources Michaels relied upon for finding that his Zija marketing was affecting other employees and his performance, and suggests that Michaels' prior knowledge of his involvement with Zija calls into doubt this basis for his termination.  As for the establishment of his company and efforts to create a business relationship with one of Michaels' vendors, he denies that he prompted the vendor for business and does not recall asking for a job.  He also suggests that other employees similarly had side jobs but were not terminated and that his supervisor investigated him in an unusual way.

All of Mr. Juback's arguments essentially question whether Michaels' rationales for terminating him were fair rather than pretextual.  Mr. Juback has not sufficiently contested the validity of Michaels' evidence of his policy violations, and we are not in the position to second-guess a company's personnel choices.  *See E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176 (11th Cir. 2000).  *See also Damon*, 196 F.3d at 1361 ("We are not in the business of adjudging whether employment decisions are prudent or fair.  Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision.").  Michaels had a good-faith basis to rely on its employees and a third-party vendor

7

to question Mr. Juback's dedication to his job, *cf. E.E.O.C.*, 221 F.3d at 1176, and to terminate Mr. Juback after issuing multiple formal warnings. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) ("The inquiry . . . is limited to whether [the supervisors] *believed* that Elrod was guilty of harassment, and if so, whether this belief was the reason behind Elrod's discharge.").

Overall, Mr. Juback has not offered a sufficient evidentiary basis to create a jury issue on pretext. As a result, we affirm the district court's grant of Michaels' summary judgment motion and denial of Mr. Juback's motion for reconsideration.[2]

**AFFIRMED**.

---

[2] Mr. Juback has not briefed any claim of error with respect to the bill of costs in No. 16-10917, so we deem any challenges to the bill of costs abandoned.